IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                                            NO.   29,419

SCOTT D. THOMPSON,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant Scott D. Thompson appeals from his conviction for kidnapping and battery. We issued a notice of proposed summary disposition, proposing to summarily affirm. Defendant has filed a joint memorandum in opposition and motion to amend

the docketing statement, which we have duly considered. Because we remain unpersuaded by Defendant's assertions of error, we affirm.

**DISCUSSION**

**Motion to Amend**

We will begin our discussion with Defendant's motion to amend the docketing statement. Defendant seeks to raise an additional issue of whether the State presented sufficient evidence to support his kidnapping conviction. [MIO 1-2]

Defendant asserts that the evidence was insufficient to show that Defendant kidnapped Matthew Shetima. [Id. 4-7] "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86 (citations omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

In order to convict Defendant of kidnapping as charged, the State was required to prove beyond a reasonable doubt that (1) "the defendant took, restrained and/or confined Matthew Shetima by force, intimidation and/or deception;" and (2) "the defendant intended to hold Matthew Shetima against Matthew Shetima's will to inflict physical injury on Matthew Shetima." [RP 46] *See* UJI 14-403 NMRA. As Defendant acknowledges, Shetima testified that while he was walking through an alley, Defendant called him over to a motel where he was standing with Craig Yazzie and Jerry Paul. [MIO 2; RP 78] Shetima testified that Defendant hit him in the face and then Yazzie dragged him into a motel room where the three individuals continued to hit and kick Shetima. [MIO 2-3; RP 77-78] Shetima testified that when the beating was over, he ran out of the room. [MIO 3; RP 77] Defendant followed but the other two told him to leave Shetima alone. [Id.] Testifying in his own defense, Defendant told a different story. Defendant testified that he asked Shetima to come into the motel room and that Shetima attacked him first. [MIO 3-4; RP 82] Defendant then hit Shetima back three or four times. [Id.] He claimed he did not tackle Shetima but tripped him and kicked him while he was on the ground. [MIO 4; RP 82] He said he felt sorry for Shetima, told Paul to leave him alone, and told Shetima to leave. [Id.]

Defendant contends that there was insufficient evidence to support the conviction for kidnapping because there was conflicting testimony about whether

3

Shetima was dragged into the motel room or walked in on his own. [MIO 6] We disagree. Shetima's testimony satisfied the State's burden of proof with respect to each element of the offense. *See State v. Soliz,* 80 N.M. 297, 298, 454 P.2d 779, 780 (Ct. App. 1969) ("As a general rule, the testimony of a single witness is sufficient evidence for a conviction."). Although Defendant offered conflicting testimony, this evidence does not provide a basis for reversal because the jury was free to reject Defendant's version of the facts. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where weight and credibility lay). Because we find no merit in Defendant's challenge to the sufficiency of the evidence, Defendant does not raise a viable issue. We therefore reject his motion to amend the docketing statement.

**Ineffective Assistance of Counsel**

Defendant continues to advance a claim of ineffective assistance of counsel pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [Amended DS 3; MIO 7-10] There is a two fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient

4

performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* In his memorandum, Defendant challenges trial counsel's performance in failing to notice an error in the criminal information. [MIO 7] Defendant acknowledges that the mistake was corrected before the case was submitted to the jury. [Id. 8] Defendant also claims that the record in this case does not contain sufficient information to address the ineffective assistance of counsel issue on the merits. [Id. 9] Thus, we are unable to evaluate either the reasonableness of counsel's actions, or the prejudice caused by any of the alleged deficiencies. We must therefore reject Defendant's ineffective assistance of counsel claim for failure to make a prima facie showing, *see State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992) (limiting remand in ineffective assistance cases to those "in which the record on appeal establishes a prima facie case of ineffective assistance"), and recommend habeas proceedings as the appropriate avenue for any further argument on the matter. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**CONCLUSION**

For the foregoing reasons, as well as the reasons stated in the notice of proposed summary disposition, Defendant's conviction is affirmed.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**RODERICK T. KENNEDY, Judge**