This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **NO. 29,648**

**JOSEPH P. MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**LISA SCHULTZ, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy Hewitt, Appellate Defender
Santa Fe, NM

Steven J. Lucero, Practicing Law Student
Albuquerque, NM

Scott M. Davidson, Adjunct Professor
Albuquerque, NM

Trace L. Rabern, Adjunct Professor
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the revocation of his probation. The notice proposed to affirm. Defendant filed an untimely memorandum in opposition. *See* Rule 12-210(D)(3) NMRA (setting forth a twenty day period for filing a memorandum in opposition). We request that Defendant's counsel comply with the appropriate filing period in future cases. As provided in the attached order, we grant the request to allow a practicing law student appearance. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to argue that the district court erred in denying him credit against his probation for the period from January 20, 2009 (the date of the probation violation) through March 3, 2009 (the date of Defendant's arrest on a warrant) because the State failed to prove fugitive status. **[DS 4; MIO 2-4]** *See generally State v. Neal*, 2007-NMCA-086, ¶ 30, 142 N.M. 487, 167 P.3d 935 (providing that the probationer is entitled to credit for any time on probation unless the state can show that the probationer was a fugitive from justice because the warrant for the return of

2

the probationer could not be served).

In support of his argument, Defendant refers **[MIO 1]** to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). As acknowledged **[MIO 3]** by Defendant, he was given probation credit for this time period. Specifically, the revocation order in relevant part states, "[t]he Defendant shall further receive credit from August 19, 2008, the date the Defendant was placed on probation, through May 7, 2009, the date the Defendant was sentenced on the Petition to Revoke Probation." **[RP 168]** For this reason, we hold that the error about which Defendant complains on appeal did not occur.

For reasons set forth above, we affirm.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____

**MICHAEL D. BUSTAMANTE, Judge**