This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **NO. 29,692**

**SOLOMON PEÑA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals from his convictions for receiving stolen property and conspiracy to receive stolen property. In our notice of proposed summary disposition, this Court proposed to affirm. Defendant has filed a memorandum in opposition in which he seeks to amend his docketing statement to add an additional issue on appeal. We have considered Defendant's arguments, and as we are not persuaded by them, we deny his motion to amend the docketing statement and we affirm.

In our notice of proposed summary disposition, we proposed to conclude that, viewing the evidence in the light most favorable to the verdict, there was sufficient direct and circumstantial evidence to support Defendant's convictions. In Defendant's memorandum in opposition, he continues to assert, pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the evidence was insufficient. [MIO 1, 3-6] However, as Defendant does not provide this Court with any new facts or legal argument that would persuade this Court that its proposed disposition was erroneous, we hold that the evidence was sufficient.

Defendant also seeks to amend his docketing statement to add a claim that he was provided with ineffective assistance of counsel at trial. [MIO 1-2, 6-9] This Court will only grant a motion to amend if the issue to be added is viable. *See State v. Ibarra*, 116 N.M. 486, 490, 864 P.2d 302, 306 (Ct. App. 1993).

2

A defendant makes a prima facie case of ineffective assistance "by showing that defense counsel's performance fell below the standard of a reasonably competent attorney and, due to the deficient performance, the defense was prejudiced." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032 (internal quotation marks and citation omitted). Defendant argues that his defense counsel's performance fell below the standard of competence because his attorney told Defendant that he should not testify or call other witnesses to the effect that, although Defendant was innocent, he had confessed to the police in an effort to save his brother. [MIO 7-8] On the record we have before us, we are unable to conclude that defense counsel acted unreasonably in encouraging Defendant not to testify. A reasonable defense attorney might have made a tactical determination that a jury might find that this story lacked credibility and that Defendant's decision to testify might harm Defendant more than it would help him. *See State v. Roybal*, 2002-NMSC-027, ¶ 21, 132 N.M. 657, 54 P.3d 61 ("[I]f on appeal we can conceive of a reasonable trial tactic which would explain the counsel's performance, we will not find ineffective assistance."). Therefore, as we conclude that this issue is not viable on direct appeal, we deny Defendant's motion to amend the docketing statement. Defendant is always free to raise a claim of ineffective assistance of counsel in a post-conviction proceeding.

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

                               _____

                               **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**CELIA FOY CASTILLO, Judge**