[Crim. No. 1665. First Appellate District, Division Two.—July 21, 1932.]

THE PEOPLE, Respondent, v. MIKE SUTTER et al., Appellants.

A. J. Hennessy for Appellants.

U. S. Webb, Attorney-General, and Lionel B. Browne, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendants were tried with a jury upon an information charging robbery. A verdict for the People resulted and the defendants have appealed from the judgment and from the order denying their motion for a new trial.

At about 10 o'clock on the evening of November 11, 1931, the defendants, in company with Raymond Hill, entered a bootlegging "joint" in the city and county of San Francisco, and, after engaging in the showing of card tricks with one Romagnolo, who was in charge of the place, Sutter and Trott each drew a pistol and forced Romagnolo to deliver the contents of the cash register—about $40—and an equal amount of money was taken from the person of Romagnolo. The three then locked Romagnolo and his

helper in a rear room and left the premises. Within the hour they were captured by the police while they stood at a street corner a few blocks from the scene of the holdup. At the time of his arrest Trott held in his hand the gun used by him in the holdup and Romagnolo's purse was found in his pocket. Each of the three had some of the money on his person, and the other gun, two masks, and the remainder of the money taken was found in a search of defendants' room. These articles were shown to defendants at the police station and both admitted their part in the robbery.

On this appeal three points are raised which we will consider in order. It is urged that the district attorney's interrogation of the jurors was prejudicial misconduct when he asked if they would be influenced by the fact that upon a former trial of these defendants the jury had voted eight to four for conviction. Objections having been made to this line of inquiry the trial court read from the decision in *People* v. *Carmichael*, 198 Cal. 534, 547 [246 Pac. 62], and, with extreme care, warned the jurors that they had no evidence as to how the previous jury stood, that they should disregard all remarks of counsel in that matter, that, if they were unable to do so, or if they had any other information on the subject, they should so inform him and be discharged. Under these circumstances we cannot say that the rights of the defendants were prejudiced by this occurrence.

The second point is that the evidence does not support the verdict. The argument is that, as the complaining witness was a "bootlegger" and had been convicted and served a term for violation of the federal Prohibition Act, he should be denied credence as a witness. This was, of course, a matter for the trial court and jury to determine. It is also argued that we should hold that the evidence of the previous good reputation of the defendants supported the presumption of their innocence and thus overcame the direct evidence of their guilt. Such evidence merely created some conflict and, on this appeal, we are concerned simply with the question whether there is substantial competent evidence to support the verdict. A mere reference to the statement of facts compels an affirmative answer.

■ Criticism is made of the portion of the instruction in the terms of subdivision 3, section 2061, of the Code of Civil Procedure, advising that a witness who wilfully testifies falsely as to one fact is to be distrusted in other parts of his testimony. It is not suggested how this instruction could have been prejudicial to the defendants, and as a large part of the brief is devoted to the testimony of the complaining witness and to the argument that we should not believe any of his testimony because of inconsistencies in immaterial portions of it we conclude that this instruction was not prejudicial to either defendant.

■ We find no error in the ruling denying a new trial. The affidavits presented endeavored to show that new evidence had been discovered subsequent to the second trial, but they also disclosed that such evidence might easily have been discovered in time for that trial.

Judgment and order as to both defendants are affirmed.

Sturtevant, J., and Spence, J., concurred.