This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 30,472**

**AMELIE WILLIAMS,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals her conviction for aggravated battery. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has timely filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

Defendant contends that the jury instruction on self-defense was drafted in a manner that would confuse or mislead a reasonable juror, such that the use of the instruction was fundamental error. [DS 3] In reviewing a jury instruction for fundamental error, "we seek to determine whether a reasonable juror would have been confused or misdirected by the jury instruction." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (internal quotation marks omitted). "[J]uror confusion or misdirection may stem not only from instructions that are facially contradictory or ambiguous, but from instructions which, through omission or misstatement, fail to provide the juror with an accurate rendition of the relevant law." *Id.*

Defendant was charged with aggravated battery against a household member with a deadly weapon based on the act of cutting the victim, Lamar Wilson, with a box cutter. [RP 57] Defendant was also charged with aggravated assault by use of a deadly weapon based on the act of attempting to touch or apply force to the victim by striking at him with a hammer. [RP 58] Both instructions provided that the State was

required to prove that Defendant did not act in self-defense. [RP 57-58] The jury found Defendant guilty of the aggravated battery and not guilty of aggravated assault. [RP 76-77]

The separate self-defense instruction that Defendant asserts was the cause of fundamental error at her trial read as follows:

Evidence has been presented that the defendant acted in self defense.

The defendant acted in self defense if:

1. There was an appearance of immediate danger of death or great bodily harm to the defendant as a result of Lamar Wilson raising a hammer at her; and

2. The defendant was in fact put in fear of immediate death or great bodily harm and cut Lamar Wilson with a box cutter because of that fear; and

3. The apparent danger would have caused a reasonable person in the same circumstances to act as the defendant did.

The burden is on the state to prove beyond a reasonable doubt that the defendant did not act in self defense. If you have a reasonable doubt as to whether the defendant acted in self defense, you must find the defendant not guilty.

[RP 59]

In our notice of proposed summary disposition, we agreed with Defendant that the instruction was potentially confusing, since it might suggest that the self-defense instruction applied only to the charge of aggravated battery and not to the charge of

aggravated assault. However, as Defendant was acquitted of aggravated assault, and the instruction correctly stated the law of self-defense as to the aggravated battery, we proposed to hold that Defendant was not prejudiced by the error. *See Benally*, 2001-NMSC-033, ¶ 10 n.1 (declining to address otherwise fundamental errors in two jury instructions because the defendant was acquitted of those crimes). In Defendant's memorandum in opposition, she concedes that any error in regard to the assault charge was harmless. [MIO 2, n.1]

Defendant contends that the self-defense instruction would cause a reasonable juror to be misled or confused about the law because her acts of cutting the victim with a box cutter and threatening him with a hammer were a "continuing act of self-defense" such that if she were acquitted of assault she must also be acquitted of battery. [MIO 2] Because she was convicted of battery, Defendant asserts that the jury instructions must have been confusing to the jury. [MIO 2] Defendant makes this argument pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-59, 712 P.2d 1, 4-5 (Ct. App. 1985). [MIO 2]

We are not persuaded. There is no evidence of why the jury convicted Defendant of aggravated battery but acquitted her of aggravated assault, and this result could have been due to the jury's assessment of the facts unrelated to self-defense.

4

That is, the jury could have acquitted Defendant of the aggravated assault charge because it determined that the State failed to prove one of the elements of the crime other than the element that Defendant's conduct was not in self-defense. Furthermore, there was no requirement that the jury find that the justification of self-defense was applicable to both crimes or neither. The jury was free to find that the self-defense justification applied to one, but not the other. For instance, the jury could have found that self-defense justified the conduct underlying the aggravated assault charge because it found that Defendant was in fact motivated by her reasonable fear of the victim when she attempted to strike him with the hammer, but that self-defense did not justify the conduct underlying the aggravated battery charge because the facts indicated that Defendant was not motivated by her reasonable fear when she cut him with the box cutter. *See State v. Cooper*, 1999-NMCA-159, ¶ 8, 128 N.M. 428, 993 P.2d 745 ("To justify the use of deadly force in self-defense, there must be some evidence that an objectively reasonable person, put into [the d]efendant's subjective situation, would have thought that he or she was threatened with death or great bodily harm, and that the use of deadly force was necessary to prevent the threatened injury." (internal quotation marks, citation, and punctuation omitted)). Or the jury could have found that attempting to strike the victim with a hammer was something that a reasonable person would have done in the same circumstances, but that self-defense

did not justify the aggravated battery because cutting the victim with a box cutter was not something a reasonable person would have done under the circumstances. *See State v. Abeyta*, 120 N.M. 233, 241, 901 P.2d 164, 172 (1995) ("One requirement of self-defense is that the force used must be reasonable in relation to the threat. The use of excessive force in self-defense renders the entire action unlawful." (citation omitted)), *abrogated on other grounds by State v. Campos*, 1996-NMSC-043, 122 N.M. 148, 921 P.2d 1266. In any case, there is simply nothing in the instruction that supports Defendant's argument that the instruction was faulty because the jury convicted her of aggravated battery but not aggravated assault.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Judge**
**WE CONCUR:**




_____
**JAMES J. WECHSLER, Judge**

_____
**ROBERT E. ROBLES, Judge**