This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                      **No. 30,366**

**EARL SCOTT ROBINSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his convictions for two counts of retaliation against a witness. [RP 286] We proposed to affirm in a calendar notice, and Defendant has

filed a memorandum in opposition with this Court. We have duly considered Defendant's arguments, but we are not persuaded that our proposed disposition is incorrect. We affirm.

Defendant continues to argue that the evidence was insufficient to support his convictions, the charges should have been consolidated, and his trial counsel was ineffective. Defendant makes these arguments pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985). [MIO 4-5, 7-10, 10-12]

Defendant contends that the only evidence in support of the charges "came from the lips of Phillip Carter," who had a lengthy criminal history and had a long history as an informant. [MIO 5] Defendant asks this Court to "depart from its usual practice of deferring to the jury's determination of credibility," to consider Mr. Carter's history, and to hold that Mr. Carter's testimony be deemed unreliable. [MIO 6] As explained in our calendar notice, we do not weigh the evidence, and we do not substitute our judgment for that of the jury. *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *abrogation on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *State v. Lopez*, 84 N.M. 805, 810, 508 P.2d 1292, 1297 (1973). There was sufficient evidence to establish that

Defendant committed the crimes of retaliation against the victim and another witness.

Defendant continues to claim that the two retaliation charges should have been consolidated. Defendant claims that the conduct underlying the charges was unitary. [MIO 9] As discussed in our calendar notice, *Swafford v. State*, 112 N.M. 3, 810 P.2d 1223 (1991), requires that we look to whether the conduct was unitary and then to whether the Legislature intended multiple punishment for the unitary conduct. *Id.* at 13-14, 810 P.2d at 1233-34. We explained that we may look at the defendant's objectives and goals in committing the acts when deciding whether the conduct was unitary. *Mora*, 1997-NMSC-060, ¶ 68; *see also State v. Saiz*, 2008-NMSC-048, ¶ 30, 144 N.M. 663, 191 P.3d 521, *abrogated on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783. Defendant solicited the murders of two different people. Defendant's conduct in soliciting the two murders was not unitary, and the district court did not err in denying Defendant's motion to consolidate the charges. In addition, as noted in our calendar notice, Defendant's sentences are concurrent to each other. Therefore, Defendant was not prejudiced by the refusal to consolidate the charges.

Defendant claims that his trial counsel was ineffective. Specifically, Defendant argues that his trial counsel failed to make an argument to exclude Mr. Carter's

testimony under *Massiah v. United States*, 377 U.S. 201 (1964). Defendant claims that the testimony was inadmissible because Mr. Carter was a government agent enlisted to entrap Defendant. [MIO 1, 12] There is no evidence in the record before us to support Defendant's claims, and he does not refer this Court to any such evidence presented to the district court. In the record proper, Defendant makes only allegations regarding Mr. Carter's role as an informant and as an employee of the government, but provides no evidence to support his allegations. *See State v. Neal*, 2007-NMCA-086, ¶ 33, 142 N.M. 487, 167 P.3d 935 (stating that allegations that are not supported by evidence are not sufficient). Defendant fails to make a prima facie showing that his counsel was ineffective for failing to make an argument based on *Massiah*.

Defendant also argues that his counsel was ineffective for failing to obtain a "valid" polygraph exam. Defendant alleges that the test that he was given "produced an unusable result," due to his medical condition. [MIO 18] Defendant also alleges that his family arranged for another test, but his trial counsel would not arrange for transportation in order for Defendant to be examined. There is nothing in the record to support Defendant's allegations. "Matters not of record present no issue for review." *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296. Therefore, we do not address the allegations.

Defendant argues that the cumulative effect of his counsel's errors deprived him of a fair trial. The cumulative error doctrine is strictly applied and may not be successfully invoked if the record as a whole demonstrates that the defendant received a fair trial. *State v. Trujillo*, 2002-NMSC-005, ¶ 63, 131 N.M. 709, 42 P.3d 814. We have reviewed the record and Defendant's claims and we see no error. Defendant was not deprived of a fair trial in this case.

For the reasons stated in this opinion and in our calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**