This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. 28,953**

**EDWARD GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Edward Garcia appeals convictions of battery of a household member and negligent use of a deadly weapon. The victim and complaining witness was his mother, who told the police a short time after the incident that Defendant grabbed her by the throat, pushed her, then he fired a shotgun down the hall after first pointing it at her throat. During the first trial, the witness testified that Defendant had grabbed her throat and that after he let go, she felt dizzy and fell to the floor. She further testified that Defendant left the bedroom, returned with a shotgun and put it on her chest. The witness also testified that Defendant then turned around and while standing in the doorway to her bedroom, he fired the gun at a closet. Shortly after the incident, Defendant told the investigating officers that he was very angry with his mother and admitted grabbing her on the throat. He further admitted that he pushed her into a house heater. He also admitted to the officers that he had fired a shotgun in the house.

Defendant complains on appeal that he was denied the right to confront the complaining witness by calling two doctors to show that the witness suffered from dementia, and thus her testimony was not credible. In addition, he asserts that he was denied his rights to a speedy trial, to speedy sentencing, to effective assistance of counsel, and to not to be subjected to double jeopardy. We affirm.

**Exclusion of Evidence**

Defendant sought to present the testimony of a physician and psychotherapist (the doctors) who had examined his mother, to show that she could confabulate and mistake facts due to the dementia diagnosed by the doctors. Defendant argued that the testimony should be allowed because competency of a witness was a matter for the jury and that Rule 11-601 NMRA on competency of a witness allowed a wide range of impeachment. The district court excluded the testimony based on the ground of physician and psychotherapist privileges under Rule 11-504 NMRA. On appeal, Defendant argues only one point of error in regard to the exclusion of evidence—that his confrontation rights under the Sixth Amendment to the United States Constitution and Article II, Section 24 of the New Mexico Constitution cannot be trumped by an evidentiary privilege. *Cf. State v. Johnson*, 1997-NMSC-036, ¶ 24, 123 N.M. 640, 944 P.2d 869 ("If application of the rape shield law or rule would conflict with the accused's confrontation right, if it operates to preclude the defendant from presenting a full and fair defense, the statute and rule must yield."). We review the exclusion of evidence for abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

The issue of confrontation was not raised in the district court, and it was therefore not preserved. In order to have preserved this issue for appeal, Defendant must have made a timely objection that specifically apprised the district court of the

3

nature of the claimed error and must have invoked an intelligent ruling thereon. *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280. Thus, we will not address this issue.

**Speedy Trial and Speedy Sentencing**

We review speedy trial and speedy sentencing violation issues de novo. *See State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113. Defendant complains that he was denied his speedy trial and speedy sentencing rights. Defendant was arrested on May 28, 2006. He remained in jail thereafter. Trial originally set for November 1, 2006, was continued on a defense motion, was reset for February 28, 2007, and again was continued on a defense motion, was then reset for May 17, 2007, and once again was continued on a defense motion. The district court as well as our Supreme Court granted extensions of the six-month rule, and Defendant stipulated to these extensions. Following his August 6, 2007, trial, Defendant was found guilty of battery of a household member and negligent use (discharge) of a deadly weapon, but a mistrial was declared because the jury was unable to agree on count one, aggravated assault with a deadly weapon. Re-trial on that charge was set for November 21, 2007, but was extended until November 30, 2007, at the State's request. On November 30, 2007, before trial began, Defendant unsuccessfully moved to dismiss on speedy trial grounds.

Under the test set out in *State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387, we hold that Defendant was not denied a speedy trial right or a speedy sentencing right. Defendant contends that the length of delay was eighteen months; the State contended it was fourteen months, counting only up to the first trial. The State's count is the correct one, and under that count, the period was only approximately two months beyond the year allowed for a simple case. *See id.* ¶¶ 44, 48, 50 (establishing the guideline for presumption of prejudice as one year). The reasons for that delay were not attributable to the State; instead, they were attributable to defense motions and to the mistrial, which are acceptable reasons for delaying the prosecution. *See id.* ¶¶ 26-27 (recognizing that "pretrial delay is often both inevitable and wholly justifiable"). Defendant did not assert the right to a speedy trial before the trial. *See id.* ¶ 32 (stating that the appellate court will "assess the timing of the defendant's assertion and the manner in which the right was asserted"). Defendant's assertions of prejudice from being incarcerated and anxious because of the pending charges are insufficient to support his motions to dismiss on speedy trial grounds. *See id.* ¶ 35 (stating that "some degree of oppression and anxiety is inherent for every defendant who is jailed while awaiting trial" (alterations omitted) (internal quotation marks and citation omitted)). Defendant made no particularized showing of prejudice, and we will not speculate as to the impact of the pretrial incarceration or degree of

anxiety claimed. *See id.* He has not claimed or demonstrated any impairment to his defense. *See id.* ¶ 36. There exists no basis on which to hold that the fourteen-month lapse from arrest to trial violated Defendant's speedy trial right.

In regard to the sentencing issue, the delay between Defendant's convictions on August 7, 2007, and his sentencing on March 10, 2008, was seven months. We employ the speedy trial four-factor test as a guide in addressing an alleged speedy sentencing violation. *See Brown*, 2003-NMCA-110, ¶ 11 (applying the four-factor balancing test for a speedy trial violation to a speedy sentencing violation). In doing so, we hold that the delay was not sufficient to trigger further inquiry. Were we to hold otherwise, the reason for the delay in sentencing was the mistrial and retrial on the aggravated assault charge. After a second mistrial and a dismissal of the charge, Defendant failed to appear for his May 10, 2008, sentencing hearing. Defendant did not assert his right to speedy sentencing until the day he was sentenced, which was August 5, 2008.

**Ineffective Assistance**

Defendant complains that his counsel failed to file timely speedy trial motions. We see no basis for this complaint, given the defense motions for continuances of trial and the mistrial. The continuances were not attributable to the State, and we see no

6

basis on which Defendant could have prevailed on a motion to dismiss at any time prior to November 30, 2007, the day of his motion to dismiss on speedy trial grounds.

Defendant also complains that his counsel failed to file motions in limine. Defendant does not set out any particular subject on which any such motions should have been filed, and he cites *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 659, 712 P.2d 1, 5 (Ct. App. 1985), in relation to this contention. This contention fails for lack of any support.

**Double Jeopardy**

Defendant claims that the court erred in denying his motion to dismiss the aggravated assault with a deadly weapon charge on double jeopardy grounds because he had been convicted at the first trial of a separate count of negligent use of a deadly weapon. Defendant asserts that the conduct in question on which each charge was based was unitary, meaning that he is being subjected to multiple punishments for a single offense, and that the charges must merge to avoid violation of double jeopardy.

We hold that double jeopardy is not implicated here. The facts presented to support the two charges are different, the conduct was not unitary, and Defendant was not charged with two crimes based on the same conduct. For the aggravated assault charge, Defendant's mother testified that Defendant held the shotgun to her chest. The jury instruction required the jury to consider whether Defendant held the shotgun to

his mother's body causing her to believe that he was about to intrude on her bodily integrity and that a reasonable person would have the same belief. *See* UJI 14-305 NMRA. For the negligent use charge, there was evidence that Defendant fired the shotgun in the hall of the house hitting a closet door. The jury instruction required the jury to consider whether Defendant discharged the firearm knowing that he was endangering a person or property. *See* UJI 14-703 NMRA.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**