This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 29,340**

**DOUGLAS RAINY OAKES, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant appeals from the district court's judgment and sentence convicting

him for distribution of a controlled substance, pursuant to a conditional guilty plea. In the plea agreement, the parties agreed that Defendant could reserve the right to appeal the district court's denial of his motion to suppress. On appeal, Defendant argues that the district court erred by denying his motion to suppress on the grounds that the officer lacked reasonable suspicion to stop him and that the pouch, its contents, and any statements he made were obtained as a result of an illegal search and seizure. We hold that Defendant abandoned the contraband and affirm the denial of suppression.

**DISCUSSION**

When we review suppression rulings, we determine "'whether the law was correctly applied to the facts, viewing them in a manner most favorable to the prevailing party.'" *State v. Harbison*, 2007-NMSC-016, ¶ 8, 141 N.M. 392, 156 P.3d 30 (citation omitted). "In conducting our review, 'we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review.'" *Id.* (alteration in original) (citation omitted).

Although material facts were unclear at the calendaring stage of these proceedings, those material facts, presented by way of Officer Rock's testimony at the

suppression hearing, are now clear and undisputed. The facts are as follows. Officers Briseno and Rock were in a patrol car on duty in Farmington at 11:00 p.m. in a dark, high-crime area known for methamphetamine trafficking when Officer Briseno observed Defendant crossing a street. Officer Briseno made a U-turn in the patrol car, which was when Officer Rock first saw Defendant. The officers watched as Defendant cross the street to the sidewalk, toss an object against a chain-link fence, and continue walking. Officer Briseno initially believed the discarded object was a firearm, and Officer Rock saw what he believed was a square pouch. After Defendant tossed the object by the fence and continued walking, the officers pulled their patrol car over to the curb, engaged the emergency equipment, exited the car, and called Defendant over to the vehicle.

Officer Rock observed a pocketknife sticking out of Defendant's pants pocket, removed it, and patted down Defendant. The officers read Defendant his *Miranda* rights and questioned him about the object they saw him discard. Defendant denied that he threw an object. Officer Rock then retrieved the object, which he identified as a black pouch, found where he saw Defendant toss it against the chain-link fence. When the officers showed Defendant the retrieved pouch, he again stated that it was not his and that he had never possessed it. Thereafter, the officers opened the pouch

3

and found methamphetamine and drug paraphernalia. The officers then proceeded to arrest Defendant.

The Defendant's brief in chief acknowledges that the testimony of Officer Rock established that the officers engaged their emergency lights after Defendant tossed the pouch at the fence; however, Defendant continues to maintain without record support that he was seized before he allegedly dropped the pouch. This argument is being pursued under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985).

The moment at which Defendant was seized is the pivotal determination to be made in this case, because "if Defendant was not seized at the time he discarded the contraband, then the evidence would be considered abandoned and Fourth Amendment protections would not apply." *Harbison*, 2007-NMSC-016, ¶ 10. Similarly, if the officers seized Defendant before he discarded the contraband, then we would need to determine whether the abandonment of property was the result of an illegal seizure. *See State v. Ingram*, 1998-NMCA-177, ¶¶ 10-12, 126 N.M. 426, 970 P.2d 1151. "The distinction between coerced discard [of evidence] as a result of an illegal search or seizure and abandonment [of evidence] prior to an illegal police search or seizure is one of voluntariness." *Id.* ¶ 15.

4

"[A] seizure occurs whenever a police officer accosts an individual and restrains his freedom to walk away." *Harbison*, 2007-NMSC-016, ¶ 11 (internal quotation marks and citation omitted). "Our courts have held that a restraint on a person's freedom . . . can result either from the application of physical force or by a showing of authority." *Id.* "When determining whether a person is seized we consider 'all of the circumstances surrounding the incident' in order to determine whether 'a reasonable person would have believed that he [or she] was not free to leave.'" *State v. Jason L.*, 2000-NMSC-018, ¶ 15, 129 N.M. 119, 2 P.3d 856 (alteration in original) (citation omitted). Factors relevant to whether "a reasonable person would feel free to leave . . . [include the following]: (1) the conduct of the police, (2) the person of the individual citizen, and (3) the physical surroundings of the encounter." *Id.* (internal quotation marks and citation omitted).

In the current case, the police patrol car made a U-turn at about thirty feet away from Defendant at the time Defendant crossed the street and discarded the pouch. The emergency lights on the patrol car were not engaged and the officers did not contact Defendant in any way at the moment Defendant threw away the pouch. There is no evidence of physical force, restraint, a show of authority or any other basis to indicate that Defendant was seized at the time he discarded the pouch. *See Jason L.*, 2000-

NMSC-018, ¶ 15.  Defendant was free to leave and, indeed, continued to walk in the opposite direction of the patrol car when he tossed the pouch.  For these reasons, we conclude that Defendant voluntarily abandoned the pouch before any seizure or search took place.  As a consequence, Defendant's Fourth Amendment protections are not applicable to the abandoned pouch and its contents, and the district court properly found no reasonable basis to suppress the evidence. *See Harbison*, 2007-NMSC-016, ¶ 10.

**CONCLUSION**

For the reasons stated in this opinion, we affirm the district court's denial of Defendant's motion to suppress the abandoned pouch containing methamphetamine and drug paraphernalia.

**IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**