687 P.2d 741

**In the Matter of James George CHAKERES Attorney at Law.**

**No. 15510.**

Supreme Court of New Mexico.

Sept. 10, 1984.

### ORDER

This matter comes before this Court after the completion of disciplinary proceedings wherein it was found that Attorney James George Chakeres filed a brief in *Eloy J. Garcia v. City of Albuquerque* [99 N.M. 746, 663 P.2d 1203] to the Court of Appeals of the State of New Mexico, Cause Number 6041, which contained false, misleading, inaccurate and improper statements of fact.

At the trial of *Garcia,* two witnesses testified about the relationship of the plaintiff's accident to plaintiff's subsequent disability. The trial court ruled for defendant finding no causality between the accident and the disability. Chakeres, who had been counsel at trial, appealed the decision, and in his brief to the Court of Appeals

misrepresented at four different places that the testimony of causality was "uncontroverted," "undisputed" and "uncontradicted."

At his trial before a hearing committee, Chakeres acknowledged that the testimony of one of the two witnesses concerning causality was inconsistent and that statements in his brief were inaccurate. The hearing committee found that Chakeres had knowingly and intentionally made the misstatements. The hearing committee further found that Chakeres testified before the hearing committee that he had not had an opportunity to review the tape recording of the *Garcia* trial prior to writing his brief. The committee recommended that Chakeres be publicly censured.

The Disciplinary Board's panel which reviewed the record affirmed the hearing committee's findings and further found that Chakeres had in his brief to the Board engaged in the same type of overstatement that had caused the initial complaint. The Board recommended that Chakeres be suspended from the practice of law for 30 days.

We adopt the factual findings of the Disciplinary Board and concur that Chakeres' conduct violated NMSA 1978, Code of Prof.Resp.R. 1–102(A)(4) (Repl.Pamp.1982), which prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; that Chakeres' conduct violated NMSA 1978, Code of Prof. Resp.R. 1–102(A)(5) (Repl.Pamp.1982), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice and that Chakeres' conduct violated NMSA 1978, Code of Prof. Resp.R. 7–102(A)(5) (Repl.Pamp.1982), which prohibits an attorney from knowingly making false statements of fact.

We, however, feel that a public censure and a $1,000 fine are sufficient. This sanction is in addition to the assessment of the costs of this proceeding.

IT IS HEREBY ORDERED that Chakeres be and hereby is publicly censured for knowingly making false, misleading and inaccurate statements in a brief to the Court of Appeals.

IT IS FURTHER ORDERED that Chakeres pay a fine of $1,000. If the fine is not paid within 30 days, Chakeres will be suspended for 30 days from the practice of law.

The costs of this proceeding in the amount of $544.94 are hereby assessed against Chakeres.

This Order is to be published in the State Bar of New Mexico *News and Views* and in the *New Mexico Reports*.

IT IS SO ORDERED.

RIORDAN, J., dissented from the imposition of the public censure and would impose the sanction recommended by the Disciplinary Board of suspension of the right to practice law for 30 days.