712 P.2d 1

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Sherwood BOYER, Defendant-Appellant.**

**No. 8175.**

Court of Appeals of New Mexico.

March 26, 1985.

Paul G. Bardacke, Atty. Gen., Michael Dickman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, for defendant-appellant.

Janet Clow, Chief Public Defender, David Stafford, Appellate Defender, Santa Fe, for amicus curiae.

## OPINION

HENDLEY, Judge.

The issue in this case concerns the extent this court will consider pro se pleadings

filed by a party who is represented by counsel.

Here, a docketing statement was filed by trial counsel, raising three issues: (1) an involuntary guilty plea because the plea agreement required defendant and his co-defendant to plead, or else neither plea would be accepted; (2) lack of a factual basis for the guilty plea; and (3) improper calculation of credit for time served. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205 (Repl.Pamp.1983). We proposed summary affirmance. NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d) (Repl.Pamp.1983). Defendant's appellate counsel, the appellate public defender, filed a timely memorandum in opposition. Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(d)(3). She requested a limited calendar for consideration of all issues raised in the docketing statement. *See* Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(b). However, the memorandum contained argument only on the issue concerning credit for time served. On the basis of the argument presented in the memorandum in opposition, this court reassigned the case to a legal calendar. Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(c).

In the meantime, defendant had filed a pro se "motion to amend docketing statement and/or memorandum in opposition to summary affirmance." It was filed 35 days after the date of the calendaring notice. Crim., Child.Ct., Dom.Rel. & W/C App.Rule 207(d)(3) provides 10 days for such filing. It contained its own statement of facts and argued that the guilty plea was involuntary because the judge threatened defendant, an issue not raised in the original docketing statement. It argued a variety of grounds why the district court erred in refusing to allow withdrawal of the plea. Some of these were contained in or implicit in the first two issues of the original docketing statement; others were not. It also alleged that defendant had requested counsel to argue issues apart from those in the memorandum in opposition, but counsel failed to do as defendant wished. In any event, these issues were not preserved in the memorandum in opposition filed by counsel. *State v. Martinez*, 97 N.M. 585, 642 P.2d 188 (Ct.App.1982).

The pro se motion and memorandum were not considered by the court in reassigning the case to the legal calendar. As a practical matter, the assignment of the case to the legal calendar would effectively preclude the court's review of the issues defendant raised in his motion and memorandum. Defendant's pro se issues are the type of issues that would ordinarily require a review of the proceedings below under the facts of this case. Such a review may only be had on a calendar providing for a transcript. Crim., Child.Ct., Dom.Rel. & W/C App.R. 207(a) and (b). While it is the general rule that facts stated in a docketing statement or motion to amend are the facts of the case, *State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982), this rule presupposes the factual recitation being stated by an officer of the court, who is bound by ethical duty to be honest in pleadings. *See In the Matter of Chakeres*, 101 N.M. 684, 687 P.2d 741 (1984).

Realizing that the reassignment to the legal calendar would only allow for review of the issue preserved by counsel, this court, on its own motion, suspended the legal calendar assignment and directed the parties to brief the following issues: (a) whether this court should consider pro se pleadings filed by people who are represented by counsel, encompassing both the issue of whether a defendant has a right to be heard on appeal both by counsel and pro se and whether this court may or should exercise discretion in allowing such hybrid representation; (b) whether any ineffective assistance of counsel issue is raised by the facts of this case; and (c) whether the untimeliness of defendant's filing should bar his requested relief. This court's order stated that, for purposes of these issues, the court would consider any brief defendant chose to file on his own.

Following our order, the public defender withdrew because of the potential conflict of interest presented by these facts and private counsel entered her appearance on

behalf of defendant. In response to the court's order, the court received briefs by defendant, the attorney general, and private counsel now representing the defendant. Additionally, the public defender was granted permission to file a brief as amicus curiae, limited to the general issues presented by this case as they affect the scope of representation provided by the public defender on appeals.

Attached to the public defender's motion for leave to file an amicus curiae brief was an affidavit of the appellate counsel who filed the original memorandum in opposition. The affidavit states that counsel received letters from defendant discussing the credit issue, and stating an intent not to abandon other issues. Counsel then received a telephone call from defendant; counsel thanked defendant for the letters; defendant denied having written or sent them. During this conversation, counsel and defendant talked about amending the docketing statement to include the issue that the judge coerced the guilty plea. Counsel said she would research the matter and decide on what issues to oppose summary affirmance. Counsel's impression was that this was satisfactory to defendant. Following research and discussion of the matter with trial counsel, appellate counsel decided to argue only the credit issue. She sent defendant a copy of the memorandum she filed, together with a letter discussing her conclusion on the issue of the voluntariness of the plea. She later received a telephone call from defendant asking whether he could raise the voluntariness issue himself by writing to this court. She advised defendant that the court had no procedure for considering such additional material once the memorandum in opposition was filed. Defendant and counsel discussed the filing of other appellate and post-conviction proceedings. Defendant was unhappy with counsel's advice and hung up the telephone.

Defendant recognizes that the legal calendar assignment implies that the only issue to be briefed is the credit question. Thus, we must consider whether we will consider defendant's pro se pleadings. Our

decision will necessarily encompass three issues: (1) the right to co-counsel one's own appeal; (2) the constitutional right to effective assistance of counsel; and (3) counsel's ethical duties to her client.

### Right to Co-Counsel on Appeal

*State v. Martinez*, 95 N.M. 421, 622 P.2d 1041 (1981), holds that it was not error to deny a request by a defendant to appear as trial co-counsel where counsel had already been appointed. Defendant's pro se brief concedes that he "very well may not have a right" to co-counsel.

Defendant, through counsel, suggests that the allowance of hybrid representation is discretionary with the court, Annot., 77 A.L.R.2d 1233 (1961), and that an automatic rejection of hybrid representation without consideration of the facts would be an abuse of discretion. *Cano v. Municipality of Anchorage*, 627 P.2d 660 (Alaska 1981). The authorities relied upon deal with trial level participation.

*State v. Martinez* does not state a discretionary standard. There are sound reasons why abuse of discretion should not be the standard in deciding the right to co-counsel on appeal. First, in the trial court, it is the state which brings the defendant into court and bears the burdens, including the important burden of proving guilt beyond a reasonable doubt. On appeal, however, where defendant is the appellant, the roles are reversed; all presumptions are in favor of the judgment below, *State v. Deats*, 82 N.M. 711, 487 P.2d 139 (Ct.App.1971), and the defendant bears the burden of demonstrating error. *Cochran v. Gordon*, 77 N.M. 358, 423 P.2d 43 (1967).

Second, in the trial court, the primary focus is on the facts. Given this focus, it may well be that the defendant has a better grasp of the facts than counsel. On appeal, the primary focus is on the law. Indeed, contentions not supported by citation to legal authorities may be ignored by the appellate court. *State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982). It would be unrealistic to suppose that a lay defendant would have a better grasp of

the law than his counsel. The papers filed in this case provide a good example. Defendant's pro se memorandum in opposition and motion to amend cited few authorities; his brief cited none.

Third, as stated earlier, an appeal in New Mexico may proceed totally on the representations contained in the docketing statement or further pleadings. It has been held that this is an adequate substitute for a record of proceedings. *State v. Talley,* 103 N.M. 33, 702 P.2d 353 (Ct.App.1985). This court accepts the representations of counsel. If defendants were allowed to file pro se pleadings that conflict with the representations made in counsel's pleadings or that contain allegations that are not of record, our calendaring system would break down. *Cf. Faulkner v. State,* 646 P.2d 1304 (Okl.Cr.App.1982).

We have an orderly system of processing appeals. The intricacies of appellate litigation demand that defendant be solely represented by counsel, if counsel is his choice.

■ The parties assume that defendants have a right to appear pro se on appeal, if that is their desire. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); NMSA 1978, Const. art. II, § 14. *But see* Annot., 24 A.L.R.4th 430 (1983). We have operated under the same assumption. Many parties appear on appeal in both criminal and civil cases pro se. However, once a defendant has sought and been provided the assistance of appellate counsel, NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 303 (Repl.Pamp.1983), that choice binds the defendant, absent unusual circumstances not present in this case. *See* Annot., 98 A.L.R.3d 13, §§ 15 and 23 (1980).

### Effective Assistance of Counsel

■ A criminal defendant has a constitutional right to effective assistance of counsel on appeal. *Evitts v. Lucey,* —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Such counsel must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of appellant's claim. *Id.; Anders v. Cali-*

*fornia,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, once counsel, in his professional judgment, finds a non-frivolous issue and vigorously argues it, the federal constitutional right to effective assistance of counsel is satisfied. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). In this case, original appellate counsel having found and successfully argued such an issue, defendant has been afforded all that the constitution requires in terms of effective assistance of counsel. *Jones.*

### Ethical Consideration

■ New Mexico has never completely followed the procedures set forth in *Anders* or *Jones.* In *State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967), and its progeny, *see State v. Gibby,* 78 N.M. 414, 432 P.2d 258 (1967), our supreme court required counsel to advance all points for reversal requested to be advanced by defendant, even if counsel had no confidence in them or if he could not in good faith support them. In *State v. Talley,* we explained how those contentions were to be set forth in the context of rules requiring a docketing statement. Counsel should state the contentions advanced by a defendant, should include a statement of all facts material to those contentions, should inform the court whether and how the contentions were raised in the trial court, and should inform the court whether the contentions or facts would appear in the record. What was said in *Talley* is equally applicable to memoranda in opposition or motions to amend docketing statements. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App. 1983).

NMSA 1978, Code of Prof.Resp.Rule 7–101(A)(1) (Repl.Pamp.1982) states that a lawyer shall not intentionally fail to seek the lawful objectives of the client through reasonably available means permitted by law and the disciplinary rules, except as provided by Rule 7–101(B). Rule 7–101(B) states that a lawyer may, where permissible, exercise professional judgment to waive or fail to assert a right or position of

his client. The strict language of these sections allows attorneys to abandon frivolous issues, or even non-frivolous issues, once the attorney has found one non-frivolous issue to argue with vigor.

Notwithstanding that the Code of Professional Responsibility appears to allow the attorney to choose the issues to be presented on appeal, the "Proposed Final Draft of the Model Rules of Professional Conduct," ABA Commission on Evaluation of Professional Standards, Rule 1.2 (May 30, 1981), gave the following legal background to Rule 1.2: "The decision whether or not to appeal and the scope of the appeal is for the client. *E.g., Hawkeye-Security Ins. Co. v. Indemnity Ins. Co.,* 260 F.2d 361 (10th Cir.1958); *State v. Pence,* [53 Hawaii 157], 488 P.2d 1177 (Hawaii 1971); *In re Grubbs,* 403 P.2d 260 (Okla.Crim.App. 1965)." Rule 1.2, in this regard, is not materially different than Rule 7-101. Hodson, Christian & Reitz, "Criminal Appeals," 4 *ABA Standards for Criminal Justice* 21-3.2 (2d ed.1980), recommends that attorneys present all contentions sought to be advanced by the client as long as the manner of such presentation does not mislead the court. Finally, *Franklin* and *Gibby* also require all contentions to be presented.

An attorney should first seek to convince the client of the wisdom of the attorney's professional judgment. But, failing such persuasion, the client's contention should be presented. *See State v. French,* 92 N.M. 94, 582 P.2d 1307 (Ct.App.1978). The manner of such presentation is solely for the attorney, subject, however, to NMSA 1978, Code of Prof.Resp.Rule 7-102(A) (Repl.Pamp.1982), which prohibits an attorney from knowingly advancing unwarranted claims and from knowingly making false statements of law or fact. The actual writing of such pleadings is not difficult; the public defender has been doing it for years. The facts of the case, together with a statement of what does or does not appear of record, are usually contained in one section of the pleading. Defendant's contentions, together with a statement that they are presented at defendant's request or pursuant to *State v. Franklin,* are contained in

another. Authorities that may support the contentions as well as those to the contrary are both cited.

▪ In this case, it may be important to bear in mind that the court is not dealing with a wholly frivolous appeal. Thus, the language in cases such as *Dixon v. State,* 152 Ind.App. 430, 284 N.E.2d 102 (1972), and *State v. Gates,* 466 S.W.2d 681 (Mo. 1971), to the effect that counsel should not adversely comment on issues so as to brief the case against the client, has no application here. In a case such as this, counsel may legitimately comment on issues raised at the insistence of the client to make the brief on those issues counsel wants to raise more forceful. *See Jones v. Barnes; Nickols v. Gagnon,* 454 F.2d 467 (7th Cir.1971), *cert. denied,* 408 U.S. 925, 92 S.Ct. 2504, 33 L.Ed.2d 336 (1972). However, nothing we say herein is intended to alter current practice pursuant to *Franklin* and *Talley* in the case of a totally frivolous appeal.

In announcing these guidelines, it should be noted that the public defender has acknowledged that it has historically followed these guidelines. While the public defender now advocates for a limited right for defendants to file pro se briefs and have this court consider them, we reject any such right. *See Petition of Anderson,* 153 Mont. 483, 456 P.2d 845 (1969). The specific reasons for rejecting any such right are that, under the appellate rules applicable to taped proceedings, we rely on the attorneys' factual statements in lieu of a verbatim record. Our system of processing appeals would break down if we could not do this, as would be the case if we considered pro se material. Moreover, under *Franklin* and the ethical considerations discussed above, the attorney is required to advance the client's contentions. This system has proved workable in the past and there is no reason to suppose that a client's contentions would get any less of a hearing on appeal when presented, pursuant to *Franklin* and *Talley,* by an attorney than when presented by the client pro se.

**660**

In this case, there appears to be a factual dispute as to whether defendant wanted his pro se issues raised in a timely fashion. Rather than resolve any factual disputes on appeal, we will leave the matter assigned to the legal calendar. For the reasons stated above, we will not consider defendant's pro se memorandum and motion. However, new appellate counsel is directed to communicate with defendant. Should they decide that issues need to be raised that are not possible to raise with the present calendar assignment, appellate counsel should take such action as she deems appropriate. Barring such action, appellant's brief will be due twenty days from the date of this opinion. If such action is taken, we will take into consideration that the delay between January 3, 1985, the date of defendant's pro se pleading, and the date of this opinion is the responsibility of the court.

In future cases, counsel should communicate with their clients as to the contents of the appeal. Counsel should raise and argue with vigor any issues that, in counsel's judgment, merit such treatment. If clients want other issues raised, counsel should present them pursuant to *Franklin* and *Talley*. In the case of a totally frivolous appeal, counsel should still proceed in accordance with *Franklin* and *Talley*. In the event that there is a failure to communicate, or that this court receives pro se pleadings, or both, the clerk of this court will be directed to forward a copy of defendant's pro se material to counsel. Counsel may then take such action as is deemed necessary.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.