This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                      **NO.   31,076**

**BARNABIE BEGAY,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Barnabie Begay (Defendant) appeals from the Judgment, Sentence and Order Suspending Sentence, filed pursuant to Defendant's guilty plea to the offenses of child abuse–negligently caused (no death or great bodily harm), aggravated driving while

under the influence of intoxicating liquor and/or drugs (.16 or above), and driving while license suspended or revoked. [RP 82] Defendant reserved the right to appeal from the district court's denial of his the motion to suppress. [RP 72] This Court's calendar notice proposed summary affirmance. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition. [Ct. App. File, MIO] After due consideration, however, we affirm.

**DISCUSSION**

Defendant's memorandum relies on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967) and *State v. Boyer*, 103 N.M. 655, 658, 712 P.2d 1, 4 (Ct. App. 1985) to support his opposition to the calendar notice's proposed disposition. [MIO 1, 8] We further note that Defendant has not provided this Court with additional or conflicting facts or authority that would persuade us that the proposed disposition was incorrect or inappropriate. Defendant continues to argue that the district court erred when it interpreted the exception to NMSA 1978, Section 66-7-369(B) (2005) to apply only if all seating positions equipped with safety belts are occupied by children and therefore erred in denying the motion to suppress. [DS 3; MIO 5] Defendant also continues to argue that the traffic stop conducted by the officer was not supported by reasonable suspicion, because the officer made a mistake of law when he pulled over

Defendant's vehicle based on his belief that Defendant had violated Section 66-7-369(B). [RP 51-52, 53-56; MIO 8-9] We are not persuaded.

The parties stipulated that the officer decided to activate his emergency equipment and pull the truck over because there were three occupants sitting in the pick up truck in addition to the driver and due to the officer's "training and experience," he knew that there were not enough seatbelts in the truck for each of the four occupants. [DS 2] After the stop, the officer determined that the two middle occupants were ten and twelve years old. [Id.]

"A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law. Unsupported intuition and inarticulate hunches are not sufficient." *State v. Rivas*, 2007-NMCA-020, ¶ 7, 141 N.M. 87, 150 P.3d 1037 (internal quotation marks and citation omitted). To determine whether the officer made a mistake of law in stopping Defendant's vehicle, we examine Section 66-7-369 [Child passenger restraint; enforcement] and NMSA 1978, Section 66-7-372 (2001) [Safety belt use required; exception–for vehicles over a certain weight or with physician's statement]. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. In addition to the plain meaning examination, "[w]e also consider the statutory subsection in reference to the

3

statute as a whole and read the several sections together so that all parts are given effect." *Bishop v. Evangelical Good Samaritan Soc'y*, 2009-NMSC-036, ¶ 11, 146 N.M. 473, 212 P.3d 361.

Section 66-7-369 provides, in applicable part, as follows:

> A. A person shall not operate a passenger car, van or pickup truck in this state, except for an authorized emergency vehicle, public transportation or a school bus, unless all passengers less than eighteen years of age are properly restrained.

> B. Each person less than eighteen years of age shall be properly secured in a child passenger restraint device or by a safety belt, unless all seating positions equipped with safety belts are occupied, as follows:

> . . . .

> (4) children seven years of age through twelve years of age shall be properly secured in a child passenger restraint device or by a seat belt.

Section 66-7-372(A) provides in applicable part that

> each occupant of a motor vehicle having a gross vehicle weight of ten thousand pounds or less manufactured with safety belts in compliance with federal motor vehicle safety standard number 208 shall have a safety belt properly fastened about his body at all times when the vehicle is in motion on any street or highway.

4

The annotations to Section 66-7-372, indicate that the 2001 amendment, effective June 15, 2001, in Subsection A, deleted the words "unless all seating positions equipped with safety belts are occupied" from the end of the subsection.

The district court determined that the officer did not make a mistake of law, because the exception that allows children to be unrestrained in Section 66-7-369(B), if "all other seating positions equipped with safety belts are occupied" only applies when those positions are all occupied by children. [DS 3] The district court's determination is correct, given that Section 66-7-369 deals specifically with children, and given that, in 2001, the Legislature deleted the same exception language from Section 66-7-372, which deals with the restraint of passengers generally.

Be that as it may, however, the officer in this case testified that he decided to stop Defendant's vehicle because he knew that there were more occupants in the vehicle than seat belts. After stopping the vehicle, the officer determined that none of the passengers were wearing a seat belt [RP 22] and that the two middle occupants were unrestrained juveniles aged ten and twelve. We hold that because, at the time the officer decided to stop Defendant's vehicle, the officer knew that there were more occupants in the vehicle than seat belts, he had reasonable suspicion that Defendant was driving his vehicle in violation of Section 66-7-369 and/or Section 66-7-372. *See, e.g., State v. Ruiz*, 2007-NMCA-014, ¶ 38, 141 N.M. 53, 150 P.3d 1003 (stating

that as a general rule, we will uphold the decision of a district court if it is right for any reason).

**CONCLUSION**

We affirm the district court's decision to deny Defendant's motion to suppress.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**TIMOTHY L. GARCIA, Judge**