This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

**Plaintiff-Appellee,**

**vs.**                                                    **No. 31,074**
                                                            **Consolidated with 31,077**

**JORDAN S.,**

**Child-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**John M. Paternoster, District Judge**

Gary King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Child appeals from two judgments of the district court; one judgment adjudicated him as a delinquent child for having committed the act of aggravated

assault with a deadly weapon (as an accessory) by admission, and the other judgment adjudicated him as a youthful offender for having committed the act of assault by a prisoner causing great bodily harm (as an accessory) and aggravated assault upon a peace officer causing great bodily harm (as an accessory). We issued two notices of proposed summary disposition, proposing to affirm each judgment of the district court. Child filed a motion to consolidate the appeals, which we granted under Case No. 31,074. After the consolidation, Child filed a single memorandum in opposition in response to our notices. We have considered Child's response and remain unpersuaded that Child has demonstrated error. Therefore, we affirm.

**Accessory Liability**

On appeal, Child argues that the district court erred by ruling that his offenses were among those enumerated in NMSA 1978, § 32A-2-3(J) (2009), because those offenses were not listed as having been committed by an accessory. Child argues that, as a result, he should not have been punished as a youthful offender or, alternatively, the rule of lenity should resolve the ambiguity in the Children's Code in his favor. [MIO 5-9]

We are not persuaded that accessory liability has lesser consequences than principal liability. In *State v. Perez*, 2002-NMCA-040, ¶¶ 18, 23, 132 N.M. 84, 44 P.3d 530, we addressed this question and held that a child adjudicated as a youthful

offender for having been an accessory to one of the enumerated offenses is to be punished in the same way as a juvenile adjudicated to have committed the offense as a principal. Aggravated assault with a deadly weapon is considered one of the offenses enumerated as Section 32A-2-3(J)(1)(b), assault with the intent to commit a violent felony. [DS 3] Also, assault by a prisoner causing great bodily harm and aggravated battery on a peace officer causing great bodily harm are considered offenses enumerated respectively as Section 32A-2-3(J)(1)(f). As a result, we are not persuaded that the district court erred by punishing Child as a youthful offender or that the rule of lenity should apply.

**Extended Commitment**

Child argues that the district court erred by imposing the extended commitment in the care of CYFD until he reaches the age of twenty-one because (1) it was based on the court's erroneous belief that it did not have discretion to do otherwise, (2) Child was only liable as an accessory, and (3) the court should have considered Child's psychological evaluation as mitigating evidence. [MIO 9-15] We are not persuaded.

Child represents that the district court did not believe that it had discretion to impose less than the extended commitment. [MIO 9-12] To support this representation, Child notes that the district court judge asked trial counsel if he was "inviting the court to summarily alter the available sanctions as provided in the

3

Children's Code because [the case involved] accessory liability rather than principal liability." [MIO 10] Also, before issuing its final decision, the court stated that it would "not change the law from the bench" and imposed the extended commitment. [Id.] Child contends that these statements indicate that the court did not believe that a lesser punishment was possible. [Id.] We are not convinced by Child's characterization of the court's comments. It appears to us that the court was referring to its lack of discretion as to Child's status as a youthful offender for having been adjudicated for an enumerated offense as an accessory, not its lack of discretion as to the extent of the punishment for his accessory liability.

We also note that the district court's decision to impose the extended commitment is not contrary to law. As we stated above, Child committed acts enumerated in the statute, the State did not seek to sentence Child as an adult, and the district court found that a juvenile disposition was appropriate; thus, Child could have been "subject[ed] to extended commitment in the care of the department until the age of twenty-one." NMSA 1978, § 32A-2-20(F) (2009) (using permissive language to allow the district court to subject a youthful offender to the extended commitment where a juvenile disposition is appropriate). [RP 52] The district court had discretion within the limits of the Delinquency Act to impose the extended commitment and, therefore, had discretion to consider whether the psychological evaluation rendered

4

another consequence more appropriate. *Cf. State v. Jones*, 2010-NMSC-012, ¶¶ 35-38, 41, 45, 148 N.M. 1, 229 P.3d 474 (describing the purpose of an amenability hearing and the discretion of the district court under the Delinquency Act). We will not hold that the district court abused that discretion only because it did not impose the consequences Child would have preferred. [MIO 13-15]

**Amenability Hearing**

Lastly, Child argues that the district court abused its discretion by failing to conduct a hearing on Child's amenability to treatment. [MIO 15-16] Child now pursues this argument under the demands of *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967); and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 15] As we stated in our notices, we hold that Child was not entitled to amenability-to-treatment hearing because the State did not give notice of its intent to invoke an adult sentence and because Child was not subject to sentencing as an adult. *See* § 32A-2-20(B)(1); *Jones*, 2010-NMSC-012, ¶¶ 36-38 (observing that a child's "commitment to a facility for the care and rehabilitation of adjudicated delinquent children for a period of up to two years" is a possible consequence after an amenability hearing where the child may face an adult sentence (internal quotation marks and citation omitted)).

For the reasons stated in our notices and in this opinion, we affirm the judgments and dispositions of the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**LINDA M. VANZI, Judge**