This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **NO. 31,362**

**KEVIN WAYNE CLASS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his misdemeanor convictions for aggravated driving while

under the influence of intoxicating liquor (refusal) and for failing to maintain traffic lane. [RP 103] Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

Defendant continues to challenge the sufficiency of the evidence to support his conviction for aggravated driving while under the influence of intoxicating liquor. *See* NMSA 1978, § 66-8-102(D)(3) (2010). In support of his argument, Defendant refers to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 2] For the same reasons provided in our notice, we affirm. In doing so, we acknowledge Defendant's position that reasons other than intoxication affected his driving and performance on the field sobriety tests—such as his assertions that his headlights were obscured by caliche, that the lane markers were faded and difficult to see at night, and that he had back and knee injuries. [MIO 3] The jury, however, was free to reject Defendant's version of the incident. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (recognizing that the factfinder weighs the evidence and may reject the defendant's version of the incident).

Based on our notice and the foregoing, we affirm.

**IT IS SO ORDERED.**

                                              _____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**