This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                              **No. 32,402**

**JOE SILVA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Joe Silva appeals from the judgment and order partially suspending his sentence. [RP 215] Defendant was convicted, after a jury trial, of trafficking (by possession with intent to distribute) and possession of a firearm by a felon. [Id.] In a calendar notice, this Court proposed to affirm Defendant's convictions. [CN 1] Defendant has filed a memorandum in opposition that we have duly considered. [MIO] Unpersuaded, however, we affirm Defendant's convictions.

**DISCUSSION**

**Issue 1: Sufficiency of the Evidence**

Defendant contends that the evidence was not sufficient to support a guilty verdict of trafficking controlled substances with intent to distribute, as the methamphetamine amounted to 0.48 grams, and the State did not meet the burden of proof to establish intent to transfer. [DS 7] In his memorandum in opposition, Defendant does not provide us with facts or authorities that we did not consider in proposing summary affirmance on this issue in the calendar notice. [MIO 1-6] Moreover, we note that Defendant relies on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), in continuing to maintain that the evidence presented at trial does not support his convictions. [MIO 6] We disagree and affirm.

As we discussed in the calendar notice, "[s]ubstantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction. We determine whether a rational fact[-]finder could have found that each element of the crime was established beyond a reasonable doubt." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86 (citations omitted). "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

The jury was instructed that in order to convict Defendant of trafficking a controlled substance by possession with intent to distribute, the State must prove each of the following elements of the crime beyond a reasonable doubt: (1) Defendant had methamphetamine in his possession; (2) Defendant knew it was methamphetamine; (3) Defendant intended to transfer it to another; and (4) this happened in New Mexico on or about December 21, 2010. [RP 159] The jury was further instructed that a person is in possession of methamphetamine when he knows it is on his person or in his possession and he exercises control over it; that even if the substance is not in his physical presence, he is in possession if he knows where it is and he exercises control

3

over it; that two or more people can have possession of a substance at the same time; and a person's presence in the vicinity of the substance or his knowledge of the existence or the location of the substance, is not, by itself, possession. [RP 160] Finally, the jury was instructed that the State must prove that Defendant acted intentionally when he committed trafficking a controlled substance with intent to distribute. [RP 164]

Regarding the intent-to-distribute element of the charge, the State presented one of the investigating officers, Officer Salazar, who testified that the officers found a clear plastic baggie containing six other individually wrapped smaller baggies of methamphetamine in a truck registered to Defendant's mother and was listed on Defendant's contact sheet for Probation and Parole as his "personal vehicle." [RP 126 (CD 2:58:02 PM); DS 5-6] The State presented evidence from which the jury could reasonably infer that Defendant drove the truck and that he had placed the drugs and the firearm in the truck because the keys to the truck were found on Defendant's bed and Defendant's mother initially told the officers that Defendant was probably at home because the truck was there. [RP 143 (CD 10:53:50 AM)] Officer Salazar testified that he took photos of the baggies and weighed them. [RP 126 (CD 2:59:26 PM)] The photos were admitted into evidence. [RP 126 (CD 3:01:15 PM)] In addition, the officer testified that each of the smaller baggies had dollar signs on it.

4

[RP 126 (CD 3:01:20 PM)]  The officer also testified that, based on his narcotics training and experience, the methamphetamine was to be sold, and it was not only for personal use. [RP 127 (CD 3:07:44 PM)] Further, the officer testified that, depending on the user, each baggie could have "a lot of hits to it[.]"  [RP 128 (CD 3:14:52 - 3:15:56 PM)]   The laboratory witness confirmed that the baggies contained methamphetamine.  [RP 140 (CD 10:32:25 AM - 10:32:30 AM)]

While Defendant presented witnesses who testified that Defendant's mother actually owned the truck, and that other persons may have driven the truck and placed the drugs there, the jury rejected Defendant's version of the events, which it is entitled to do. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact[-]finder as long as there is sufficient evidence to support the verdict."), *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

We hold that substantial evidence supports Defendant's conviction for possession of a controlled substance with intent to distribute.  Accordingly, we affirm.

**Issue 2:        Ineffective Assistance of Counsel**

Defendant contends that his counsel provided ineffective assistance by not requesting the lesser-included jury instruction of possession of a controlled substance. [DS 7] In his memorandum, Defendant has not provided facts or authorities that we did not consider in proposing to affirm on this issue on direct appeal in the calendar notice. [MIO 6-9] We remain persuaded, therefore, that affirmance on direct appeal is the appropriate and correct disposition.

As we discussed in the calendar notice, there is a two-fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney and (2) that defendant was prejudiced by the deficient performance. *See State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on the defendant to prove both prongs. *Id.* Counsel is presumed competent. *State v. Jacobs*, 2000-NMSC-026, ¶ 48, 129 N.M. 448, 10 P.3d 127.

In this case, the tape log indicates that the prosecutor and defense counsel had initially prepared to instruct the jury on the lesser-included offense of possession of a controlled substance. [RP 131 (CD 3:47:28 PM -3:48:41 PM)] The district court agreed that the evidence would support a lesser-included offense instruction should Defendant choose to have one given. [Id.; *see also* RP 133-34 (CD 9:06:49 AM -

6

9:07:53 AM); RP 136 (CD 9:20:35 AM)] Immediately prior to trial, however, defense counsel informed the district court and the prosecutor that defense counsel and Defendant would choose whether they wanted the "step-down" instruction after they discussed the matter. [Id.] The next morning, when asked by the district court, defense counsel reported that "after much discussion" Defendant had decided not to take the lesser-included offense instruction. [RP 136 (CD 10:15:09 AM)] Thereafter, Defendant and the State withdrew their tendered instructions on the lesser-included possession charge. [RP 179, 180, 182-83, 184]

We deny Defendant relief on direct appeal. First, defense counsel and Defendant's discussion regarding the pros and cons of requesting the lesser-included jury instruction is not a matter of record. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, [the appellate courts] evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance."). Second, it appears that defense counsel and Defendant decided not to request the lesser-included instruction as a matter of trial strategy. *State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950

7

P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks and citation omitted)). Apparently, Defendant hoped to convince the district court and the jury that the State did not prove the elements of the trafficking charge beyond a reasonable doubt and that the district court would grant a directed verdict or that the jury would acquit Defendant on the greater charge. In this regard, Defendant twice moved for a directed verdict, asserting that the State had not proved all of the elements of either the trafficking or the firearm offense, because the State did not demonstrate that Defendant was present when the drugs and firearm were found in the truck; the truck, the drugs, and the firearm were not, Defendant contended, in Defendant's possession; and Defendant was not trafficking because the amount of drugs found only indicated personal use, not the intent to transfer or sell. [RP 143 (CD 10:52:53 AM); RP 148 (CD 11:31:21 AM -11:31:51 AM)]

Specifically, in *Baca*, our Supreme Court held that a defendant failed to demonstrate ineffective assistance of counsel when a reasonable attorney may have concluded, as a matter of strategy, not to request a lesser-included offense instruction. 1997-NMSC-059, ¶ 30. Since, on direct appeal, we will not second-guess the trial strategy and tactics of defense counsel, it appears that Defendant must pursue the issue, if at all, in a collateral, post-conviction habeas corpus proceeding. *See State v.*

*Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (stating that "[t]his Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"); *see also Baca*, 1997-NMSC-059, ¶ 25 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]").

Accordingly, we affirm this issue on direct appeal.

**Issue 3: Whether the District Court Erred in Not Sua Sponte Instructing the Jury on the Lesser-Included Offense**

In his memorandum, Defendant continues to argue that the district court committed reversible error by not *sua sponte* instructing the jury on the lesser-included offense of possession of controlled substances, because the evidence supported the instruction. [DS 8; MIO 9-11] As such, Defendant points out that the presence of the six small baggies in the truck supports the lesser-included possession instruction, because the jury could reasonably infer that Defendant purchased the six small baggies of methamphetamine for his personal use, rather than intended to sell them to others. [MIO 8] Relying on *Franklin* and *Boyer*, Defendant contends that "[k]nowing the significant sentencing differences between trafficking and possession, trial counsel could not have been making a strategic decision in purposely choosing

9

not to accept the lesser[-]included offense instruction." [MIO 8] We are not persuaded.

As we discussed in Issue 2, defense counsel and Defendant deliberately chose, as a matter of defense tactics, not to take the lesser-included offense instruction. [RP 136 (CD 10:15:09 AM); RP 179, 180, 182-83, 184] Moreover, as discussed earlier, the district court and the prosecutor were otherwise prepared to instruct the jury on the lesser-included offense. Under the circumstances, it is not for the district court to interfere with Defendant's and defense counsel's specifically chosen trial strategy decision to require the State to prove and the jury to convict Defendant of the trafficking charge or acquit him altogether on Count 1. As we more fully discussed in Issue 2, the record proper indicates that, after much discussion, defense counsel and Defendant decided to use this strategy. *See Baca*, 1997-NMSC-059, ¶ 25 (finding no ineffective assistance of counsel in defense counsel's failure to request a lesser-included offense instruction and such failure could have been made for reasonable, strategic reasons). Moreover, as previously discussed, Defendant twice moved for a directed verdict, asserting that the State had not proved all of the elements of either the trafficking or the firearm offenses, because the State did not demonstrate that Defendant was present when the drugs and firearm were found in the truck; the truck, the drugs, and the firearm were not, according to Defendant, in Defendant's

10

possession; and Defendant was not trafficking because the amount of drugs found only indicated personal use rather than intent to transfer or sell. [RP 143 (CD 10:52:53 AM); RP 148 (CD 11:31:21 AM-11:31:51 AM)] The jury rejected these defenses, convicting Defendant of trafficking with intent to distribute, which we have determined was supported by substantial evidence presented at trial.

We affirm the district court on this issue.

**Issue 4:       Defendant's Use of Methamphetamine Prior to Trial**

In his memorandum, Defendant continues to contend that the district court erred in allowing the jury trial to start, knowing that Defendant had used methamphetamine at least forty-eight hours prior to trial. [DS 8; MIO 11-12] We remain persuaded that the district court did not err in proceeding with trial in this case.

"The failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial." *State v. Flores*, 2005-NMCA-135, ¶ 15, 138 N.M. 636, 124 P.3d 1175 (alteration, internal quotation marks, and citation omitted). We review questions of constitutional law and constitutional rights, such as due process protections, de novo. *State v. DeGraff*, 2006-NMSC-011, ¶ 6, 139 N.M. 211, 131 P.3d 61.

The record proper indicates that when defense counsel expressed concern about Defendant's agitated behavior on the morning of trial, the district court allowed defense counsel to question Defendant about his competency to proceed. [RP 98 (CD 9:19:09 AM)] Defense counsel asked Defendant if he had used drugs recently, to which Defendant apparently responded: "Yes, but I am sober right now, used meth 2 days ago, smoked it." [RP 98 (CD 9:19:55 AM - 9:20:02 AM)] Defense counsel further asked how long the effects of methamphetamine lasts, and Defendant apparently said: "About 13 hours, I used on Sunday." [RP 98 (CD 9:20:27 - 9:20:37 AM)] Defense counsel further questioned Defendant about his awareness of the role of counsel, whether he knew why he was in court, whether he knew about the charges and his potential exposure if convicted, as well as Defendant's awareness of his decision to reject a plea offer. [RP 98 (CD 9:20:49 AM - 9:22:05 AM)] Defense counsel then asked Defendant: "So you are completely sober and wish to proceed[?]" [RP 98 (CD 9:22:11 AM)] Defendant responded, "Yes[.]" [RP 98 (CD 9:22:20 AM)] The district court then asked Defendant, "Are you ready to go forward?" [RP 98 (CD 9:22:21 AM)] Defendant replied, "Yes sir[.]" [RP 98 (CD 9:22:27 AM)] After a brief recess, the district court, the prosecutor, and defense counsel proceeded to voir dire the jury. [RP 98, 100]

We hold that the district court observed procedures adequate to protect Defendant's right not to be tried or convicted while incompetent to stand trial. Moreover, after asking Defendant questions designed to probe Defendant's competency, defense counsel did not further object to proceeding to trial. As such, both the district court and defense counsel were satisfied with Defendant's behavior and his responses to the questions, indicating that Defendant was competent to proceed to trial. Under the circumstances, we hold that Defendant was not deprived of his due process right to a fair trial due to his incompetency. Therefore, the district court did not err in proceeding with trial.

We affirm the district court on this issue.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**