This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF FARMINGTON,**

    Plaintiff-Appellee,

v.                                  **NO. 32,791**

**JEROMY WEAVER,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Jennifer Breakell, Deputy City Attorney
Farmington, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nicole Murray, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}    Defendant Jeromy Weaver appeals his conviction for aggravated driving while intoxicated. In our notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. As we do not find Defendant's arguments persuasive, we affirm.

{2}    Defendant contends that the district court erred in denying his motion to suppress evidence obtained during a traffic stop. [DS 1] He challenges the stop based on his argument that the officer who actually stopped him did not testify at the trial. He asserts that, as a consequence of the officer's absence, the State was unable to establish that reasonable suspicion existed for the stop. [DS 2; RP 80] However, other officers testified at trial, and the district court found that the officer who stopped Defendant did so wholly on the basis of information provided by one of these officers—an undercover officer who had personally observed Defendant's conduct just prior to the stop. [RP 83-84] In this Court's notice of proposed summary disposition, we proposed to hold that the undercover officer's observations were sufficient to provide a reasonable suspicion that Defendant had broken the law. *See State v. Ochoa*, 2008-NMSC-023, ¶¶ 19-21, 143 N.M. 749, 182 P.3d 130 (stating that a law enforcement officer may rely on a statement by another law enforcement officer in order to form a reasonable suspicion that a person was breaking the law).

{3}	Defendant has filed a memorandum in opposition, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 001. In it, he continues to assert that without the stopping officer's testimony, the district court could only speculate about the reason for the stop. [MIO 5] However, as we explained in our notice, the district court's factual findings were not based on speculation, but on the in-court testimony of the undercover officer who provided information about his observations of Defendant's conduct to the stopping officer. As Defendant provides no authority to demonstrate that the district court's reliance on this testimony was erroneous, he has failed to demonstrate error on appeal.

{4}	Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{5}	**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____

**MICHAEL E. VIGIL, Judge**