This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                   **NO. 33,203**

**THOMAS RAMIREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Abigail Aragon, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Defendant Thomas Ramirez appeals his sentence, which was imposed after his probation was revoked. In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Ramirez has filed a memorandum in opposition, which we have duly considered. As we do not find Defendant's arguments persuasive, we affirm.

{2}     Ramirez argues that the district court erred in using a conditional discharge for the offense of possession of heroin entered pursuant to the Controlled Substances Act, NMSA 1978, Section 30-31-28 (1972), to enhance his sentence as a habitual offender under NMSA 1978, Section 31-18-17 (2003). [DS 2] In this Court's notice of proposed summary disposition, we proposed to find no error. We relied on the fact that the record reflects that the heroin charge was never conditionally discharged because Ramirez failed to successfully complete the required period of probation. [RP 95-96 (stating that Ramirez's probation was revoked and the conditional discharge "withdrawn," and ordering Ramirez to be incarcerated for the remainder of his original sentence)]

{3}     In Ramirez's memorandum in opposition, he continues to argue, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that reversal is required. However, he provides no new facts or authorities that persuade us that our proposed summary

2

disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Ramirez has failed to do so.

{4}     Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{5}     **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHLSER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**