This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                           **NOS. 33,074**

**& 33,039**

**TRAVIS CLAYTON,**                                           **(consolidated)**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant Travis Clayton appeals his conviction following a jury trial. This Court issued a notice of proposed summary disposition, proposing to affirm. Clayton has filed a memorandum in opposition, which we have duly considered. As we are unpersuaded by Clayton's arguments, we affirm.

{2}     In our notice of proposed summary disposition, we noted that the record in this case suggested the introduction of relevant evidence not addressed in Clayton's docketing statement. *See* Rule 12-208(D)(3) (requiring that a docketing statement summarize "all facts material to a consideration of the issues presented"). In Clayton's memorandum in opposition, he continues to argue, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that the evidence was insufficient to support his felony conviction. That memorandum, however, contains no further description of the evidence offered at trial and does not alter this Court's view that—viewed in the light most favorable to the verdict and drawing all reasonable inferences therefrom—there was sufficient evidence to support Clayton's conviction beyond a reasonable doubt. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 ("In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."). To the extent that Clayton also

asserts that victim-testimony offered at trial was untrustworthy, we note that it is not the function of this Court to reassess the credibility determinations made by the trier of fact. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (deferring to district court "when it weighs the credibility of witnesses").

{3}     Clayton's memorandum in opposition also continues to argue—again relying upon *Franklin* and *Boyer*—that he was denied effective assistance of counsel at trial by his attorney's failure to request a lesser-included jury instruction. As our notice of proposed summary disposition acknowledged, where a lesser-included instruction would be supported by the evidence, a defendant is entitled to such an instruction, but that the decision whether or not to request one is generally a matter of trial strategy. As pointed out in our notice of proposed summary disposition and acknowledged in Clayton's memorandum in opposition, this issue was not developed below and is thus not preserved for appeal. Thus, Clayton now asks that we remand to the district court for an evidentiary hearing on this issue. We are unpersuaded, however, that such a course of action would be in any way preferable to the procedure outlined in Rule 5-802 NMRA. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel"). If Clayton believes he can demonstrate ineffectiveness if given the

opportunity to present evidence at a hearing, he remains free to do so pursuant to that rule.

**{4}** Clayton's memorandum in opposition does not provide new facts or authorities that persuade us that our proposed summary disposition was in error. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Clayton has failed to do so.

**{5}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

4