This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

v.                                                                                          **No. 35,370**

**ERNEST LEE BISHOP,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
M. Anne Kelly, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}    Defendant Ernest Lee Bishop challenges the sufficiency of the evidence to

support his convictions for one count of possession of a controlled substance (methamphetamine), contrary to NMSA 1978, Section 30-31-23 (2011); one count of an expired registration plate, contrary to NMSA 1978, Section 66-3-18(B) (2007); and one count of possession of an open container of alcohol, contrary to NMSA 1978, Section 66-8-138 (2013). [1 Am. DS unpaginated 6; 2 Am. DS 2-3; RP 38-40, 81, 102-03] In this Court's notice of proposed disposition, we proposed to affirm Defendant's convictions for possession of methamphetamine and driving with an expired registration, and we proposed to reverse Defendant's conviction for possession of an open container of alcohol. The State filed a timely response, and Defendant filed a memorandum in opposition. Having considered the arguments on appeal, we affirm in part, and reverse in part.

**Possession of a Controlled Substance (Methamphetamine).**

{2}     In our notice of proposed disposition, we proposed to conclude that there was sufficient evidence from which the jury could conclude that Defendant had methamphetamine in his possession; he knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law; and this happened in New Mexico on or about July 18, 2014. [CN 3-5] In his memorandum in opposition, Defendant acknowledges that law enforcement officers found methamphetamine in

2

a cigarette package in the vehicle that he was driving and that he told the officers that he smoked that brand of cigarettes. [MIO 4; *see also* CN 4] However, Defendant argues that the evidence does not establish that he knew the methamphetamine was in the cigarette package. [MIO 4] Defendant claims that, because the methamphetamine was found in the console between him and a female passenger, the evidence permitted two reasonable interpretations—either Defendant possessed the methamphetamine or the passenger possessed the methamphetamine. [MIO 5-7] We are not persuaded by this argument. As discussed in our notice of proposed disposition, the jury was instructed that "[t]wo or more people can have possession of an object at the same time." [CN 3 (quoting RP 54)] Moreover, as an appellate court, we will not reweigh the evidence. *See State v. McGhee*, 1985-NMSC-047, ¶ 17, 103 N.M. 100, 703 P.2d 877 ("The determination of the weight and effect of the evidence, including all reasonable inferences to be drawn from both the direct and circumstantial evidence is a matter reserved for determination by the trier of fact.").

{3}     Viewing the evidence in the light most favorable to the State and resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that Defendant possessed methamphetamine on the date in question. *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930. Accordingly, we affirm Defendant's conviction

for possession of methamphetamine.

**Expired Registration.**

{4}     In this Court's notice of proposed disposition, we proposed to conclude that there was sufficient evidence for a rational jury to conclude that Defendant operated a motor vehicle on a street without a current registration on July 18, 2014. [CN 5-6] In his memorandum in opposition, Defendant admits that his vehicle had an expired registration, and the expired nature of the registration was confirmed through dispatch. [MIO 7] Nevertheless, Defendant maintains that there was insufficient evidence to support his conviction for driving with an expired registration. [MIO 7-8] *See State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982; *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. Remaining unpersuaded, we affirm Defendant's conviction for driving with an expired registration.

**Possession of an Open Container of Alcohol.**

{5}     In our notice of proposed disposition, we proposed to conclude that there was insufficient evidence to support Defendant's conviction for possession of an open container of alcohol. [CN 6-7] Neither the State nor Defendant oppose this proposed disposition. [State's Response 1; MIO 1] Consistent with our notice of proposed disposition, we reverse Defendant's conviction for possession of an open container of alcohol.

{6}     For the reasons set forth in our notice of proposed disposition and herein, we affirm Defendant's convictions for possession of methamphetamine and driving with an expired registration, and we reverse Defendant's conviction for possession of an open container of alcohol.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**JONATHAN B. SUTIN, Judge**