This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                             **NO. 32,652**

**FEDERICO MEDELLIN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}    Defendant, Federico Medellin, appeals from his conviction for driving while under the influence of intoxicating liquor and/or drugs (DWI) following a second jury

trial. [DS 1, RP 260] We issued a notice proposing to summarily affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

**BACKGROUND**

{2} On February 11, 2011, New Mexico State Police Officer Marcus Gonzales stopped Defendant's vehicle for failure to have an operating registration plate lamp. [MIO 2, RP 20] After effecting the traffic stop, Officer Gonzales observed signs of intoxication on Defendant and detected a strong odor of alcohol. [MIO 2] Defendant admitted to drinking three beers, and Officer Gonzales observed an open alcohol container in Defendant's vehicle. [MIO 2] Defendant performed poorly on three field sobriety tests, and Officer Gonzales arrested Defendant for DWI. [MIO 2] A blood draw revealed an alcohol content of .11. [MIO 2]

{3} On January 25, 2012, Defendant was tried on three counts in magistrate court: (1) DWI (.08 or above) (second offense), (2) open container (possession), and (3) failure to have an operating registration plate lamp. [RP 1-2, 82] The jury returned a verdict of not guilty on counts two and three. [RP 157] The jury was not able to reach a verdict on count one, and the magistrate court declared a mistrial with respect to that count. [RP 157-159] The State dismissed the magistrate court proceedings and re-filed the case in district court. [MIO 3]

{4}     On February 6, 2012, Defendant filed a motion in limine to preclude double jeopardy violations/motion to dismiss.  [RP 167]  He argued that the State should be precluded from introducing evidence of a tail lamp infraction at the second trial and, absent such evidence, the stop of Defendant's vehicle was per se pretextual.  [RP 167] The district court orally denied Defendant's motion.  [RP 183]

{5}     On April 30, 2012, Defendant filed a motion to suppress, arguing the stop of his vehicle was unlawful.  [RP 184]  The district court held a hearing on Defendant's motion to suppress and, on June 25, 2012, issued a written order denying Defendant's motion to dismiss and Defendant's motion to suppress.  [RP 204]  A second trial was held, and Defendant was found guilty of DWI.  [RP 249, 251]

**DISCUSSION**

{6}     Defendant continues to argue:  (1) the district court erred in denying his motion to suppress because the stop of his vehicle was pretextual; (2) the district court erred in denying his motion to dismiss the DWI count on double jeopardy grounds; and (3) the district court violated his right to confrontation by admitting his blood test results, over objection, when the laboratory analyst who tested his blood sample testified that she did not receive the sample at the lab.  [MIO 4]

**A.     Pretext**

**{7}** Defendant continues to argue that Officer Gonzales did not have reasonable suspicion to stop his vehicle for failure to have an operating registration plate lamp. He contends the stop of his vehicle was pretextual because Officer Gonzales testified that he believes fifty percent of people on the road after 10:00 pm are driving while intoxicated. [MIO 5, 8]

**{8}** On appellate review of a motion to suppress evidence, we review the district court's factual determinations for substantial evidence and its legal determinations de novo. *See State v. Ketelson*, 2011-NMSC-023, ¶ 9, 150 N.M. 137, 257 P.3d 957. We agree with Defendant that pretextual stops violate the New Mexico Constitution. *See State v. Ochoa*, 2009-NMCA-002, ¶ 1, 146 N.M. 32, 206 P.3d 143. However, we disagree with Defendant that the stop of his vehicle was pretextual.

**{9}** In *Ochoa*, we held that the defendant "established a rebuttable presumption that the stop was pretextual" where the district court found that the officer who stopped the defendant's vehicle "had little, if any interest" in the violation that served as the purported basis for the stop. *Id.* ¶¶ 45, 46 (internal quotation marks omitted). Here, unlike in *Ochoa*, the district court concluded that the stop of Defendant's vehicle was based on "at least reasonable suspicion and likely probable cause." [RP 206] The district court explained it "[could not] find that Officer Gonzales['] testimony regarding the reason for the stop was inherently incredible or that it [was] internally inconsistent with the other testimony and evidence presented." [RP 206, ¶ 16] The

4

district court's factual findings were supported by substantial evidence, and it correctly concluded that the stop of Defendant's vehicle was not pretextual and thus did not offend the New Mexico Constitution. *See State v. Alderete*, 2011-NMCA-055, ¶ 20, 149 N.M. 799 255 P.3d 377 (concluding the stop of the defendant's vehicle was supported by reasonable suspicion and was not pretextual).

**B.   Double Jeopardy**

{10}   Defendant continues to argue that the district court erred in denying his motion to dismiss the DWI count following his first trial because he was acquitted on the count that allegedly formed the basis for the stop of his vehicle–failure to have operating registration plate lamp. [MIO 9-10] Defendant cites *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), in support of his position. [MIO 10]

{11}   We review claims of double jeopardy de novo. *See State v. Gutierrez*, 2011-NMSC-024, ¶ 49, 150 N.M. 232, 258 P.3d 1024. We agree with the district court that the fact that the jury did not find Defendant guilty beyond a reasonable doubt of failing to have an operating registration plate lamp, as required by NMSA 1978, Section 66-3-805 (1978), does not mean, *ipso facto*, that the stop of Defendant's vehicle was not supported by reasonable suspicion. We have explained that "[l]aw enforcement officers can constitutionally stop a motor vehicle if they have a reasonable suspicion that the law has been or is being violated." *State v. Munoz*,

5

1998-NMCA-140, ¶ 8, 125 N.M. 765, 965 P.2d 349 (internal quotation marks and citation omitted). This is a different, lesser, standard than is required to support a conviction. We thus conclude that Defendant's retrial on the DWI count did not constitute a double jeopardy violation.

**C.    Confrontation**

{12}    At Defendant's second trial, an analyst from the Scientific Laboratory Division (SLD) testified over objection that she tested Defendant's blood sample after retrieving it from a lockbox, and it reflected a blood alcohol concentration of .11. [MIO 4] Defendant continues to argue that he was denied his right to confrontation because he was not afforded an opportunity to confront and cross-examine the person at SLD who received his blood sample and placed it in the lockbox. [MIO 11] Defendant cites *Franklin*, 78 N.M. 127, 428 P.2d 982, and *Boyer*, 103 N.M. 655, 712 P.2d 1, in support of his position. [MIO 13]

{13}    We review claimed violations of the confrontation right de novo. *See State v. Tollardo*, 2012-NMSC-008, ¶ 15, 275 P.3d 110. We have recently held that "a defendant [does not have] the right to confront a laboratory analyst who, having participated in some aspect of evidence analysis, nevertheless did not record any certifications, statements, or conclusions that were offered as evidence." *State v. Huettl*, 2013-NMCA-038, ¶ 28, ___ P.3d ___, *cert. granted*, ___ P.3d ___ (No. 34,009, Mar. 1, 2013). The laboratory analyst whom Defendant sought to confront

6

did not record any certifications, statements or conclusions that were offered by the State as evidence. Instead, this analyst was involved merely in the receipt of Defendant's blood sample at the laboratory. As in *Huettl*, we conclude that the absence of chain-of-custody testimony goes to the weight of the evidence introduced by the State, not its admissibility. *See id.* ¶ 31. The district court did not violate Defendant's right to confrontation by admitting Defendant's blood test results.

**CONCLUSION**

{14}    For the reasons stated above and in our previous notice, we affirm Defendant's conviction.

{15}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____

**J. MILES HANISEE, Judge**