This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                              **NO. 32,716**

**RONNIE GARCIA,**

Defendant-Appellant,

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from his convictions for possession of a controlled substance, possession of drug paraphernalia, driving while license suspended or revoked, no insurance, and "creation, delivery, or possession with intent to deliver a counterfeit substance." [RP 137, citations from CR-11-941] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     In issue (1), Defendant continues to argue [DS 2; MIO 3] that there is a lack of sufficient evidence to support his jury trial convictions [RP 137] for possession of a controlled substance (methamphetamine) [RP 115], possession of drug paraphernalia [RP 116], driving while license suspended or revoked [RP 117], and no insurance. [RP 118] *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the substantial evidence standard of review).

{3}     We address first Defendant's conviction for possession of a controlled substance (methamphetamine), *see* NMSA 1978, § 30-31-23 (2011), because Defendant's memorandum in opposition primarily focuses on contesting this conviction. [MIO 4-8] We acknowledge that the methamphetamine was not found on Defendant's person [MIO 4], that Defendant was driving a vehicle other than his own [MIO 2], and that there was no direct evidence that Defendant placed the methamphetamine-filled syringe in the vehicle. [MIO 6] However, as provided in our

2

notice, the jury nonetheless could have reasonably inferred that the methamphetamine belonged to Defendant. *See generally State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633 (providing that proof of possession may be proved by circumstantial evidence connecting the defendant with the crime). In this regard, the jury could have reasonably relied on evidence that a syringe filled with methamphetamine was found in the driver's door side pocket of the vehicle that Defendant was driving [RP 80, 84; MIO 2, 6], as well as evidence that the syringe cap was found in Defendant's pocket [MIO 8] and that Defendant "cried and mumbled something about knowing that the syringe was filled with methamphetamine" after being advised of his *Miranda* rights. [RP 80, 85; MIO 2, 4] *See, e.g., State v. Morales*, 2002-NMCA-052, ¶¶ 30-31, 132 N.M. 146, 45 P.3d 406 (holding that constructive possession could be established by the presence of contraband in the car, located under a floor mat beneath where the defendant was seated, in combination with evidence of the defendant's consciousness of guilt), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110.

{4}     In concluding that the evidence supports a jury determination that Defendant was both aware of the methamphetamine and exercised control over it, we acknowledge also Defendant's suggestion that his admission to knowing about the methamphetamine-filled syringe lacked credibility because he did not sign a waiver

of rights form and because his admission was not recorded. [MIO 2, 4] However, it was within the jury's prerogative to assess the circumstances underlying the admission and assess its weight and credibility. *See generally State v. Riggs*, 1992-NMSC-057, ¶¶ 11-17, 114 N.M. 358, 838 P.2d 975 (stating that the jury determines questions of credibility and the weight to be given to evidence). And while Defendant maintains that the evidence was equally consistent with a conclusion that either the owner of the vehicle or its passenger brought the methamphetamine-filled syringe into the vehicle [MIO 7-8], by convicting Defendant the jury necessarily believed otherwise. *See, e.g.*, *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [factfinder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{5}     We next address Defendant's convictions for possession of drug paraphernalia, driving while license suspended or revoked, and no insurance. [MIO 8-9] With regard to Defendant's conviction for possession of drug paraphernalia, *see* NMSA 1978, § 30-31-25.1 (2001), for the reasons provided in the notice, we conclude that the evidence was sufficient. As acknowledged by Defendant, a syringe cap was found in Defendant's pocket. [MIO 8] While the State may not have introduced direct

4

evidence connecting the syringe cap in Defendant's pocket with the methamphetamine-filled syringe found in the driver's door side pocket [MIO 8], the jury could rely on the circumstantial evidence to show that Defendant possessed the syringe cap with the intent to use it with the methamphetamine-filled syringe. [MIO 8] *See State v. Bankert*, 1994-NMSC-052, ¶ 17, 117 N.M. 614, 875 P.2d 370 ("[a] conviction will be upheld if based upon a logical inference from circumstantial evidence.").

{6} Lastly, in support of his continued argument that there was a lack of sufficient evidence to support his convictions driving while license suspended or revoked and for no insurance, *see* NMSA 1978, §§ 66-5-39 (1993) and 66-5-205 (1998), Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982 and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 9] For the same reasons provided in our notice, we conclude the evidence was sufficient.

{7} To conclude, for the reasons set forth above and in our notice, we affirm.

{8} **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**