This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 32,960**

**ANTONIO CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant, Antonio Chavez, appeals from his conviction for battery on a household member in violation of NMSA 1978, Section 30-3-15 (2008). [DS 1, RP 159, 211] He challenges the sufficiency of the evidence and argues that his acquittal on the charge of assault based on threat or menacing conduct necessitates an acquittal on the charge of battery on a household member. We issued a notice proposing to summarily affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and affirm.

In our notice, we proposed to conclude that the evidence was sufficient to support Defendant's conviction. Defendant continues to argue that the evidence was insufficient, focusing in particular on his testimony that he denied hitting Victim and did not realize that she was injured before she was hospitalized. [MIO 4] The jury was free to reject Defendant's version of the events, *see State v. Garcia*, 2009-NMCA-107, ¶ 21, 147 N.M. 150, 217 P.3d 1048, and we must defer to the jury when weighing the credibility of witnesses and resolving conflicting testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Accordingly, we conclude that the evidence was sufficient to support Defendant's conviction.

In our notice, we also proposed to conclude that the verdicts were not inconsistent, noting that we will not entertain a challenge to a conviction based on an acquittal. *See State v. Roper*, 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133

("We have frequently said that our business is to review the verdicts of conviction, and not concern ourselves with any alleged acquittals, and thus we do not entertain contentions alleging that the verdicts are irreconcilable."); *see also State v. Fernandez*, 1994-NMCA-056, ¶ 39, 117 N.M. 673, 875 P.2d 1104 ("[W]e review the verdict of conviction, not the verdict of acquittal.").

Defendant continues to argue that the evidence presented in support of the alleged assault and the alleged battery was the same, and that his acquittal on the assault count necessitates an acquittal on the battery count. He cites *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, in support of his argument. [MIO 5] We perceive no reason to depart from our precedent and will not review the verdict of acquittal.

For the reasons discussed above and in our previous notice, we affirm.

**IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**

3

_____
**M. MONICA ZAMORA, Judge**