This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                        **No. 34,154**

**JENNIFER JUAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals her conviction, pursuant to a guilty plea [RP 94], for one count of intentional child abuse (no death or great bodily harm). [RP 113] Our notice proposed to affirm and Defendant filed a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm.

{2}     Defendant continues to argue that she was coerced into entering a guilty plea in order to be released from custody. [DS 2; MIO 2, 5] Defendant emphasizes that trial counsel contributed to such asserted coercion and was ineffective by failing to procure documentation for an alibi defense and by failing to file a motion to withdraw her plea prior to appeal. [DS 2; MIO 3, 6] In support of her continued arguments, Defendant refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 3, 4, 7]

{3}     For the reasons extensively detailed in our notice, we affirm. In doing so, we emphasize as we did in our notice that the necessary facts to support Defendant's claims of ineffective assistance of counsel were not developed in the record. However, Defendant is not precluded from pursuing her claims of ineffective assistance of counsel in habeas proceedings. [MIO 7] *See State v. Herrera*, 2001-NMCA-073, ¶ 37, 131 N.M. 22, 33 P.3d 22 (expressing a preference for habeas corpus proceedings over remand when the record on appeal does not support the factual basis for an issue on

appeal).

{4}     For the reasons provided in our notice and above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**J. MILES HANISEE, Judge**