This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                        **No. 34,577**

**RIGO PARRA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge Pro Tem**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}      Defendant appeals, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1,

from the district court's order revoking his probation in three underlying criminal matters. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In our calendar notice, we proposed to hold that the district court did not abuse its discretion in finding that Defendant violated state law and to affirm the district court's revocation of Defendant's probation on that basis. [CN 5] We also suggested that we were not convinced that the district court erred in allowing testimony regarding Defendant's failure to report his arrest to his probation officer, or in using the violation to support revocation of Defendant's probation, even where the violation was alleged in an addendum to the State's motion to revoke, filed less than two weeks prior to the adjudicatory hearing. [CN 6-7]

{3}     Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant continues to argue that the district court abused its discretion in finding that he violated his probation and that his due process rights were violated by the addendum to the motion to revoke. [MIO 4-5]

**CONCLUSION**

{4}     We conclude that Defendant has not met his burden to clearly demonstrate that the district court erred in this case. Accordingly, for the reasons stated above, as well

as those provided in our calendar notice, we affirm.

{5}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**RODERICK KENNEDY, Judge**