This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                  **No. 35,294**

**DAVALOUS BROWN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant appeals, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, from the district court's judgment, order, and commitment, convicting him following a jury trial on one count of false imprisonment, contrary to NMSA 1978, Section 30-4-3 (1963); one count of battery against a household member, contrary to NMSA 1978, Section 30-3-15 (2008); and one count of use of telephone to terrify, intimidate, threaten, harass, annoy, or offend, contrary to NMSA 1978, Section 30-20-12 (1967). This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2} Defendant raised three issues in his docketing statement, essentially contending that the district court erred in denying his motion for a directed verdict on each of the three counts. [DS 1] In accordance with our standard of review, viewing the evidence in the light most favorable to the guilty verdict, we proposed in our calendar notice to conclude that the evidence presented at trial was sufficient to support the jury's finding of guilty on each of the counts. [CN 3, 5] In particular, we noted that it appeared that evidence was presented at trial to the effect that: (1) the victim arrived home at approximately 10:00 p.m. and recognized Defendant waiting outside her front gate; (2) Defendant spoke to the victim about "working things out between the two of

them;" (3) when the victim told Defendant that she was not interested in working things out, Defendant became angry; (4) Defendant reached into the victim's car, unlocked the driver's side door, pushed the victim into the front passenger seat, and got into the driver's seat; (5) Defendant began to drive the vehicle away from the victim's home; (6) the victim attempted to get out of the car, but Defendant grabbed her by the hair and by the neck, choking her to the point where she could not breathe; (7) the victim yelled and screamed for someone to help her; (8) Defendant threatened to kill the victim; and (9) the victim was finally able to get away when Defendant stopped the vehicle to smoke a cigarette. [CN 4-5] We further noted that there also appears to have been testimony that Defendant had previously been sending text messages to the victim threatening the life of their seven-year-old son. [CN 5]

{3} Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant continues to argue, pursuant to *Franklin* and *Boyer*, that no rational fact finder could have determined that the elements of the false imprisonment and battery on a household member charges were proven beyond a reasonable doubt, given that the State did not present evidence to

corroborate the victim's testimony. [MIO 3-4] Furthermore, Defendant asserts that a portion of the victim's testimony, regarding Defendant pushing her from the driver's seat into the front passenger seat, was not credible because the car had a center console. [MIO 4] As readily acknowledged by Defendant [MIO 4], however, "[i]t is the fact[-]finder's prerogative to weigh the evidence and to judge the credibility of the witnesses." *State v. Ryan*, 2006-NMCA-044, ¶ 20, 139 N.M. 354, 132 P.3d 1040; *see also State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 ("New Mexico appellate courts will not invade the jury's province as fact-finder by second-guess[ing] the jury's decision concerning the credibility of witnesses, reweigh[ing] the evidence, or substitut[ing] its judgment for that of the jury." (alterations in original) (internal quotation marks and citation omitted)).

{4}     We conclude that Defendant has not met his burden to clearly demonstrate that the district court erred in this case. Accordingly, for the reasons stated above, as well as those provided in our calendar notice, we affirm.

{5}    **IT IS SO ORDERED.**


_____
        **MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

4

**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**