This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. NO. 35,936

**CHRISTOPHER SCHMITT,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, convicting

him for resisting, evading or obstructing an officer and sentencing him to probation, following a jury trial. We were unpersuaded that Defendant's docketing statement demonstrated error and issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a response to our notice. We have considered Defendant's response and remain unpersuaded. We, therefore, affirm.

{2}        Defendant initially pursued the appeal under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1, challenging the sufficiency of the evidence to support his conviction. [DS unnumbered 4] Our notice proposed to hold that the combined evidence of Defendant's belligerent and menacing behavior toward the officers and Defendant's actions showing his physical resistence against the officers attempting to arrest him, which forced the officers to carry him to the patrol car, was sufficient to support his conviction under NMSA 1978, Section 30-22-1(B) (1981). Our notice relied on *State v. Wilson*, 2007-NMCA-111, ¶ 43, 142 N.M. 737, 169 P.3d 1184, for its holding that the evidence was sufficient to convict the defendant for resisting or evading an officer under Section 30-22-1(B), where the defendant pulled away from the officer when the officer had handcuffed one of the defendant's hands, was attempting to secure the defendant's other hand, and had to forcibly apply the handcuffs onto the defendant.

{3} In response to our notice, Defendant contends that there was no evidence that he was "intentionally fleeing, attempting to evade or evading an officer[,]" as required by Section 30-22-1(B), and relies on dictionary definitions of the terms "flee" and "evade." [MIO 4] We note that definitions of "flee" and "evade" upon which Defendant relies are so similar as to be effectively redundant. [MIO 4] It is an axiomatic rule of statutory interpretation that we will not construe a statute to render any portion of it surplusage or superfluous. *See State v. Javier M.*, 2001-NMSC-030, ¶ 32, 131 N.M. 1, 33 P.3d 1. We construe the Legislature's meaning of attempted evading in Subsection (B) to encompass more behavior than merely staying or slipping away, as Defendant asks us to define it. [MIO 4]

{4} Significantly, Defendant does not address our holding in *Wilson* regarding Section 30-22-1(B), nor does he attempt to distinguish that case. In *Wilson*, this Court broadly construed the offense of resisting, evading or obstructing an officer under Section 30-22-1(B) and held that the defendant's act of pulling his arm away from the officer trying to handcuff him, causing the officer to forcibly finish handcuffing the defendant, was a sufficient act of attempting to "resist or evade" the officer during an arrest. *Wilson*, 2007-NMCA-111, ¶ 43. We believe Defendant's act of "planting his feet [on] the ground to keep the officers from walking him" to the patrol car, and Defendant's act of continually dropping his weight, causing officers to forcibly carry

him to the patrol car, [RP 13-14] are sufficiently akin to the defendant's act of pulling his arm away from the officer handcuffing the defendant in *Wilson* to support a similar finding of attempting to evade.

**{5}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence convicting Defendant of resisting, evading or obstructing an officer.

**{6}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**JONATHAN B. SUTIN, Judge**